## KING AND CLARKE v. GRIFFIN, use, &c.

1. The assets which come to the hands of an administrator, pass to his successor if he die, resigns, or is removed before he administers them.

2. The declaration commenced thus : " D. A. G., who sues for the use of S. S., sheriff of T. Co. and successor of said D. A. G., complains, &c.," and then alleges that the defendants made and delivered their promissory note to the plaintiff, by which they " promised to pay, six months after the date thereof, to the plaintiff, by the name of D. A G., sheriff and administrator of the estate of J· C." The breach alleged, is, the non-payment of the note to the plaintiff, without negativing a payment to S : *Held*, 1. That it cannot be assumed as a *legal conclusion*, that G. was administrator in virtue of his office of sheriff, nor that S although his successor in the sheriffalty, was also administrator *de bonis non*, but the description of the latter as sheriff, if necessary, would be treated as a mere *descriptio personæ*. 2. That if S. succeeded G. in the administration, and thereby became the proprietor of the note, the defendant should have pleaded the fact. 3. That the breach was well assigned.

WRIT of error to the County Court of Talladega.

The defendant in error declared against the plaintiffs in debt, thus: "David A. Griffin, who sues for the use of Solomon Spence, sheriff of Talladega county, and successor of said David A. Griffin, by attorney, complains of," &c. and then alleges that the defendants made and delivered to the plaintiff, their promissory note, by which they "promised to pay, six months after the date thereof, (which period is elapsed) to the plaintiff, by the name of David A. Griffin, sheriff, and administrator of the estate of John Calhoun, &c." The breach alleged is, the non-payment of the note to the plaintiff, without negativing a payment to Spence.— To this declaration, the defendants demurred, and their demurrer being overruled, they declined pleading over; thereupon, a judgment by *nil dicit* was rendered in favor of the plaintiff.

L. E. PARSONS, for the plaintiffs in error, insisted that the plaintiff was administrator of Calhoun's estate, in virtue of his office of sheriff, and when he was superseded by the election and qualification of a successor, his right to maintain an action in that character, ceased, and the assets and evidences of debt due his

intestate's estate, passed to the administrator *de bonis non*, who alone could maintain an action for their recovery. The declaration shows that the plaintiff had no title to the note in question, and the demurrer should have been sustained. He cited Clay's Dig. 222, § 10; Minor's Rep. 206; 2 Stew't Rep. 133; Harbin v. Levi at this term. It is no answer to the objection to say, that the defendants cannot be prejudiced by permitting a recovery in the form in which the action is brought, if they really owe the debt. [4 Ala. Rep. 571.] The declaration is also defective in alleging that the note has not been paid to the plaintiff, without negativing a payment to Spence, who was authorized to receive the money.

Bowdon, for the defendant.—Conceding the law to be as stated, in respect to the rights of an administrator and his successor, and it is contended that the suit is well brought under the act of 1837. [Clay's Dig. 376, § 76; White v. Ivey, use, &c. 4 Ala. Rep. 571.] Besides, it does not appear that the note in question is a part of the assets of the intestate's estate, and upon a demurrer, this cannot be intended. The terms sheriff and administrator, may be regarded as merely descriptive of the plaintiff and Spence, and if necessary, to sustain the declaration, may be rejected as suplusage. [1 Chitty's Plead. 253; 8 Mass. Rep. 109; 3 Ala. Rep. 154; 4 id. 642.] He also cited 2 Ala. Rep. 342; 4 id. 26, to show that the note declared on, was not a part of the record, because not made such by bill of exceptions.

COLLIER, C. J.—1. It has been repeatedly decided, that the assets which come to the hands of an administrator, pass to his successor if he dies, resigns, or is removed before he administers them. Under the influence of this principle, the administrator *de bonis non*, becomes entitled to the bonds, notes, &c. which his predecessor had in his hands when his representative functions ceased. [Caller's ex'rx v. Boykin & Bassett, Minor's Rep. 206; King v. Green, et al. 2 Stew't Rep. 133; Harbin v. Levi at this term.]

The question is, does the declaration show that the note, the amount of which is sought to be recovered, was assets of the estate of Calhoun, in the hands of the plaintiff, or that Spence has actually succeeded him in the administration. The plaintiff does

not state that the fact of his being administrator, was the result, and as a consequence of his being sheriff of the county to which the right pertained, of granting letters of administration. In the commencement of the declaration, he does not characterise, either himself or Spence, as administrator, but he complains in his individual right, for the use of Spence, whom he describes as his successor in the office of sheriff. In setting out the cause of action, it is described as a promissory note, payable to the plaintiff, "by the name of David A. Griffin, sheriff and administrator of John C. Calhoun, deceased." Now, although, the plaintiff may have been sheriff, it cannot be assumed as a legal conclusion, that he became the personal representative of the intestate's estate, in virtue of his office. The declaration contains no statement, showing that Spence is administrator *de bonis non*, but this is a mere inference, founded upon the assumption, that the plaintiff's administration was connected with the sheriffalty, and the further deduction, that as Spence has become sheriff, he also is administrator. This latter conclusion is not a necessary sequence, if it were conceded that the plaintiff was administrator *virtute officii*; for the fact that one sheriff has administered, does not make it necessary that the unsettled estate should be committed to his successor, but some other person may succeed to the trust.

For any thing appearing to the contrary, Spence may have acquired an interest in the note, though it may have been assets of Calhoun's estate, under such circumstances as would entitle him to the amount collected. He may have been a creditor, and received it in payment of his debt. In fact, there are cases which determine that an executor or administrator may transfer the assets of the deceased, in satisfaction of his own debts, if there be no collusion on the part of his creditor. [Allender v. Riston, 2 Gill &·Johns. Rep. 86; Coburn v. Ansart & Trustee, 3 Mass. Rep. 319.] Be this as it may, no inference can be drawn from his description as sheriff, adverse to the plaintiff's right to sue for his use; the official designation may be regarded as a mere *descriptio personae*. This objection being out of the way, there remains not the slightest pretence for supposing that Spence is administrator, or the action is not well brought.

If the fact be as the plaintiffs in error suppose, that Spence has succeeded to the administration, and in consequence thereof, en-

titled to the note in suit, they should have interposed a plea setting out those facts, and thus have presented the legal question to the court. But they were premature in demurring, and from what has been said, it follows, that the declaration as it respects the point considered, is unobjectionable.

2. In regard to the second objection made upon the demurrer, that the breach in the declaration is not broad enough, we think it is not well taken. It is generally sufficient to lay the breach in terms co-extensive with the legal liability of the defendant. In the present case, whatever may be the rights of Spence in respect to the money to be collected on the bond, the plaintiff alone, for any thing appearing in the declaration, was entitled to sue, and it is enough to allege a non-payment to him. In Lunn v. Payne, [6 Taunt Rep. 140,] it was decided, that in debt on a bond, conditioned for the payment of an annual sum to the wife of the obligee, a breach assigned in the non-payment of the same to the obligee, is sufficient. [See also, 1 Sid. Rep. 178.]

From this view, it results that there is no error in the record, and the judgment is consequently affirmed.