## WAGNER & HUGHES v. CHENAULT.

1. When the plaintiff styles himself to be sheriff and *ex officio* administrator of the estate of one deceased, and sues on a note payable to another person as administrator *ex officio*, of the same intestate, and the declaration alledges that the term of office of the payee having expired, the plaintiff was duly appointed *ex officio* administrator *de bonis non*, upon error, after a judgment by default, the title of the plaintiff to sue on the note must be considered as sufficiently stated.

Writ of error to the Circuit Court of Cherokee.

ACTION of assumpsit by Chenault against Wagner and Hughes, as the makers of a promissory note, payable to Elbert L. Gibson, administrator *ex officio,* of the estate of Peter Wagner, deceased. The declaration describes the plaintiff as sheriff of St. Clair county, in this State, *ex officio* administrator of the estate of Peter Wagner, deceased, successor to Elbert L. Gibson, late *ex officio* administrator of said estate; and upon setting out the making of the note by the defendants to the effect above stated, proceeds thus: " and the term of office of said Gibson having expired according to law, the said plaintiff, sheriff of said county of St. Clair, was, on the 2d day of October, 1843, by the Judge of the County Court of that county, duly appointed *ex officio* administrator *de bonis non* of the said estate of the said Peter Wagner, deceased. Whereby," &c.

The defendants having failed to appear, judgment by default was rendered against them.

They now assign that this judgment is erroneous, because—

1. There was no writ of inquiry, as to the amount of damages.

2. The declaration discloses no title in the plaintiff, and is insufficient.

W. B. MARTIN, for the plaintiff in error, insisted, that Chenault can maintain no action in his own name on this note, but should have sued in that of Gibson, to his use.

If the action can be maintained by Chenault, then the record ought to show that his letters of administration were produced to the Court.

S. F. RICE, contra.

GOLDTHWAITE, J.—We are inclined to think this declaration must be considered as presenting a substantial cause of action, though it certainly is defective in clearness, as to the statement of the plaintiff's title. The note is payable to Gibson, administrator *ex officio* of the estate of Wagner, deceased, and if the suit was by him in his representative character, no *profert* of his letters of administration would be necessary, or could be required, as the defendants by their contract have ad-

mitted him to possess that character. [Caller v. Dade, Minor, 20; Harbin v. Levi, 6 Ala. Rep. 399.]    The note as an admission shows also, that he was administrator *ex officio,* and such an administration by our statutes can only be imposed on a sheriff or coroner, and ceases by the terms of the act, with the official term of the individual upon whom it is imposed.    [Clay's Dig. 222, § 10.]    It is alledged, that the official term of Gibson had expired according to law, and that the plaintiff was duly appointed administrator *ex officio de bonis non* of the same estaet. This, in connection with the description at the commencement of the declaration, that he is sheriff of St. Clair county, is sufficient to show, that he is administrator by virtue of his office as sheriff, and that he has lawfully succeeded Gibson in that function.    This brings the declaration within repeated decisions of this Court, that where a note or contract is made with one as administrator, it passes by operation of law to a subsequent administrator.    [Allen v. Boykin, 206; King v. Green, 2 Stew. 133; King v. Griffin, 6 Ala. Rep. 387; Harbin v. Levi, Ib. 399; Green v. Foley, 2 S. & P. 450.]

The view we have taken disposes of the case, as it does not seem to be seriously urged, that the Court should of its own mere motion, inspect the letters of administration.

Judgment affirmed.