# BRADFORD v. HAGGERTHY.

1. Where a precedent liability has been suspended or released by the acceptance of a note indorsed by one, liable on the former demand, the plaintiff cannot recover on the primary liability without showing the same proof as would enable him to recover on the indorsement; and therefore in the absence of such proof, there is no material error in excluding proof of the primary liability,

2. *Quere*—Whether the propounding of a question (improper in part) to a witness to be examined on interrogatories, is a sufficient reason to exclude the answer disclosing proper evidence, unless it appear the objection to the question was taken and notified to the opposite party before the commission issued.

3. The declaration or claim made by a person as to his place of residence, is not proper evidence to prove his residence. Such a declaration is merely hearsay, unless connected with some act concurrent with it, and which the declaration has the tendency to explain.

4. When the point to be ascertained was the residence of an individual previous to the 9th of July, his act in giving a vote and claiming his residence in a particular place on the first Monday of August afterwards, is not admissible evidence.

Writ of Error to the Circuit Court of Montgomery.

Assumpsit by Bradford against Haggerthy as the indorser of a note made by one Pou. The declaration alledges that suit was brought on the note by Bradford against Pou to the county court of Tallapoosa county, that being the first court to which the suit could be brought after the note fell due, and Pou being there a resident.

At the trial, the plaintiff proved that he commenced suit against Pou in the county court of Tallapoosa county, on the 9th July, 1839; this suit was dismissed in consequence of the sheriff's return of not found, and a new suit instituted in Macon county, the 3d October, 1839. To this suit Pou pleaded a set off against Harbin or Harris, who was the payee of the note. The cause was continued and notice given to the defendant in this action of the defence interposed. The defence prevailed to the extent of the set off, and the plain-

tiff obtained judgment for the remainder only. The execution on this judgment was returned no property.

There was proof that the court to which Pou was sued in Macon county, was not the first court there after the maturity of the note.

The plaintiff put in evidence tending to show that Pou resided in Tallapoosa at the maturity of the note, and when the suit was there commenced. The defendant put in evidence tending to show that Pou then resided in Macon county, and amongst it offered to prove "that Pou in the year 1839, at the general election, cast his vote in Macon county, then claiming his residence in that county." This was objected to by the plaintiff, but was allowed by the court. It was shown to the court in this connection, that Pou, at the time of trial, was living in Mississippi.

The defendant offered in evidence these interrogatories, asked of a witness, with the answers:

Do you, or did you know the county of the residence of R. L. Pou in the year 1839, and the whole of said year, and particularly in the months of July, August and September; and where did he reside during those periods; in what county and State?

*Answer.* Pou's residence was in Macon county, during the whole of the year 1839.

Where did Pou reside when you first became acquainted with him—in what county; and if he changed his residence any time before the year 1840, to what county did he remove; and when did he change his residence?

*Answer.* He resided in Macon county, and did not change his residence before 1840.

These questions were objected to by filing exceptions that they were leading and irrelevant; but this was not brought to the notice of the court. At the trial, the answers were objected to, because the interrogatories seek to obtain a legal conclusion, instead of stating facts from which a residence might be inferred. The court overruled the objection.

The defendant then offered to read the following interrogatories and answer, to wit:

Where did Pou claim his home and residence during the fall and summer of 1839? Where was his washing done

during the months of July, August and September, 1839, and where did he claim his home the three named months?

*Answer.* He resided in Macon county, on his plantation, which is on the adjoining lot to ours, and he claimed that as his residence during the fall and summer of 1839; his washing was done at my house in Macon county, during the months of July and August, and until the 6th of September, at which time he was married, and until then claimed that county as his home or residence.

In what county and State did Pou claim his home and residence during the years 1838 and 1839?

*Answer.* He claimed the State of Alabama, and Macon county, his home and residence during the years 1838 and 1839.

These were objected to by the plaintiff, but also admitted.

The plaintiff offered evidence to show the consideration for the indorsement of the note was a liability of the defendant and a third person on a bill of exchange, which had been reduced to judgment against said third person. This was excluded by the court, as not within the issues.

The court charged the jury, that the declarations of Pou on the day of the general election, accompanying and taken with his vote on that day, was admissible, as tending to support the issues on the part of the defence.

The plaintiff excepted to this charge, as well as the several rulings of the court on the admission of evidence; and these are now assigned as error.

BELSER, MORRIS and MARTIN, for the plaintiff in error.

SETH P. STORRS and ELMORE, contra.

GOLDTHWAITE, J.—1. It was entirely immaterial to the consideration of this case, that the defendant had been previously liable to the plaintiff in another contract, as that liability was suspended, if not discharged, by the acceptance of the indorsed note. The rule in such cases is, that even when the creditor is allowed to consider the previous contract as an existing debt, and declares upon it, he is notwithstanding obliged to sustain his action by proof precisely the same as would be requisite if the suit was on the indorsement.

[Bates v. Ryland, 6 Ala. Rep. 668.] There was no material error therefore, in excluding the evidence offered in this connection, as it was entirely unimportant without the other proof, and unnecessary with it.

2. With reference to the form of the interrogatories, it may we think be condeded, that as the point in issue was the residence of Pou at the maturity of the note, (the 1st July, 1839,) or at the time when the writ to Tallapoosa county was issued, (the 9th July, 1839,) it was irregular to inquire where his residence was in the fall of that year ; but is this irregularity in the mode of asking a question a sufficient reason to exclude the answer when the commission has been executed, and the answer contains evidence which is unexceptionable ? We incline to the opinion that if any objections can prevail on grounds like these, it should appear they were taken and notified to the opposite party before the commission issued. It is unnecessary however to decide this point in the case, as there is another ground on which it must be reversed.

Declarations or admissions of living individuals not parties to the suit, or having such an interest in it as to render their admissions evidence, are never admitted, that we are aware of, except in explanation of acts transacting at the time of the declaration. [Greenl. Ev. § 123, 124.] It will be seen several of the interrogatories inquire into the fact of Pou's claiming a residence as entirely distinct from any other fact, and the answers, instead of giving his declarations explanatory of his acts, or showing they were made concurrent with the transactions or acts of which it is very possible they would be perfectly explanatory, proceed to state his declarations as a distinct matter of proof. This we think is clearly inadmissible, on the ground that it is merely hearsay, and would let in the declarations of persons who, if themselves examined as witnesses, might give a different account of the matter to be ascertained. [7 Cranch, 290 ; 3 Term, 708.]

4. The objection to proof of the fact that Pou voted at the August election in 1839, in Macon county, as well as his declarations at the time, were inadmissible, partly as against the same principle, but more particularly because the fact spoken of, as well as the declaration explaining or giving

point to it, occurred after this controversy arose. We have before said the matter in issue was the residence of Pou when the note came to maturity, or when the first writ issued. Both these matters occurred previous to August, 1839, when the act of voting took place. It is clear therefore, that neither the act nor the declaration accompanying it can be said to have taken place *ante litem motam*, and for this reason should have been excluded. [Greenl. Ev. § 131, 132.]

Another question has been suggested at bar, which does not however arise in the bill of exceptions. It is, whether the residence in point of 'fact in the particular county where suit is brought, is essential, if the information of the plaintiff was such as to induce the impression that the residence was where the suit was commenced. This is certainly a matter which might well be considered if *presented for decision;* but that not being the case here, we decline to examine it.

Judgment reversed and cause remanded.