## TOWNSEND et al. vs. JEFFRIES' ADM'R.

1. A *certiorari* cannot be awarded to bring up an amended record, unless by consent, until the amendment has been made in the court below.
2. When defendant is in court, and consents to the revival of a suit in the name of an administrator as plaintiff, and at a subsequent term continues the cause, he will be held to have waived all objections to the order of revival.
3. When an executor brings trespass for injuries inflicted on a slave belonging to the estate of his testator, the suit may be revived, after his removal, in the name of the testator's administrator.
4. In a plea in abatement, form is substance; and therefore, in trespass, a plea in abatement defending " the *wrong* and injury," instead of " the force and injury," is bad on demurrer.
5. If a party fails to object to an interrogatory which asks for a conclusion of law, he cannot object to the answer, if it is responsive.
6. In trespass for whipping a slave, a plea averring that defendant only punished said slave reasonably and moderately, is defective on demurrer. No person has a right to chastise a slave belonging to another, without the owner's consent, unless the authority is given to him by statute ; and if he acted under such authority, he must aver it in his plea.

Error to the Circuit Court of Madison.

Tried before the Hon. John E. Moore.

Trespass vi et armis by " Willis Routt and Elizabeth E., his wife, executor and executrix of the last will and testament of Alexander Jeffries, deceased," to recover damages for injuries inflicted by the defendants on a slave belonging to the estate of plaintiffs' testator ; the writ and declaration both being in the name of Routt and wife, " executor and executrix of the last will and testament of Alexander Jeffries, deceased." The defendants pleaded, " first, not guilty ; secondly, that they had only punished said negro reasonably and moderately, for his having killed, used and injured their hogs, or the hogs of some of said defendants; thirdly, that the punishment mentioned was authorized by the plaintiffs, or their agent in their behalf." A demurrer was interposed to the second plea, and issue was taken upon the first and third pleas. These proceedings, which were all " in short by consent," were had at the August term, 1848.

22

At the April term, 1849, the case seems to have been tried by a jury, and a verdict and judgment rendered for the plaintiffs ; but the entry shows no action on the demurrer. This judgment was reversed on error by the Supreme Court, at its June term, 1849, and the cause was remanded.—See 17 Ala. R. 276. After its return to the court below, at the August term, 1850, the following entry was made :  " Came the parties by their attorneys, and ask leave of the court here to revive in the name of James Thomas, sheriff, and *ex officio* administrator of Alexander Jeffries, deceased ; which leave is granted, and said cause is continued by the plaintiff."

At the February term, 1851, the cause was continued on account of the sickness of the defendants' counsel. At the August term, 1851, it was continued at the instance of the defendants. At the February term, 1852, the defendants filed a plea in abatement, for a variance between the writ and declaration ; and on a subsequent day of the term the following entry was made :  " Came the defendants by their attorneys, and now here move the court to dismiss this suit, because said suit could not be revived in the name of said plaintiff as such administrator, and because this suit is discontinued, not having been continued on the minutes of the court in the name of said Willis and Elizabeth ; which motion was overruled by the court. Thereupon the plaintiff asked leave of the court to amend his declaration, which was granted ; and thereupon plaintiff amended his declaration, inserting by interlineation the word "as" before the words " executor and executrix," and the words "as executor and executrix as aforesaid" after the words " the property of the plaintiffs," and at the end of the declaration, after the word "plaintiff," the words " as executor and executrix as aforesaid ;" and the declaration, so amended, offered to file in this cause ; which defendants opposed, and moved to strike out ; which motion the court overruled.— Thereupon, upon their motion, the court granted defendants leave to file their plea in abatement, which they now here file in court ; and thereupon came plaintiff by attorney, and demurred to said plea in abatement ; and after argument, the court sustained said demurrer, and adjudged said plea insufficient ; and the cause is continued by defendants,"

At the August term, 1852, the death of Parks Townsend, one of the defendants, was suggested, and the suit abated as to him. The court then sustained the demurrer to the second plea ; and the cause being tried on the issues joined on the other pleas, a verdict and judgment were rendered for the plaintiff. On the trial, as appears from the bill of exceptions, the plaintiff read in evidence to the jury the deposition of Adam Dale, taken on interrogatories, a copy of which had been regularly served on the defendants. The fifth interrogatory to this witness is as follows : "Did you, or not, see said defendants, or either of them, commit any trespass, about the last named time, on any slave ?" and calls upon him to state the particulars. The answer is as follows : " I did see the said defendants commit a trespass on said negro slave named Lewis, the property of said Alexander Jeffries, deceased, on or about May 15, 1848, on the premises of said estate ;" and he then proceeds to detail the circumstances attending it. The defendants objected on the trial to the reading of the first part of this answer, above quoted ; but their objection was overruled, and they excepted.

The errors assigned are : first, the overruling of the motion to dismiss the suit ; second, the sustaining of the demurrer to defendants' plea in abatement ; third, the sustaining of the demurrer to the second plea in bar ; fourth, in not excluding from the jury that part of Dale's deposition which was objected to, as shown in the bill of exceptions ; fifth, in the several rulings shown in the bill of exceptions.

Before the case was submitted on the merits, the plaintiffs in error asked for a *certiorari* : on which motion the following opinion was delivered :

CHILTON, C. J.—The plaintiffs in error, in this case, move for a *certiorari*. It is conceded, that the record is complete, as it stands ; but they wish to amend it in the court below. The amendment must be made before a *certiorari* can be awarded, unless by consent ; for, until then, there is nothing in the court below to be sent up in obedience to it.

Motion refused.

ROBINSON & JONES, for plaintiffs in error.

C. C. CLAY, JR., and J. W. CLAY, *contra* :

I. Neither of the grounds, on which defendants below moved to dismiss the suit, was tenable, and the motion was properly overruled : 1. In their notice to dismiss, the defendants did not deny, and so virtually admitted, that Thomas was Jeffries' administrator ; and, if administrator, the suit was properly revived and continued in his name.—Clay's Dig. 227 § 30. The damages would be assets of the estate, and, therefore, Thomas, as successor of Routt and wife in the administration, properly succeeded as plaintiff in this suit.—13 Ala. 237. The record shows, that the defendants were before the court, when the cause was revived in Thomas' name and continued by him : then was the proper time to contest his right to be made a party.—2 Ala. 150. Defendant, by not contesting, admitted his right to become a party, and this cures all error. *Consensus tollit errorem.*—14 Ala. 294 ; 6 Ala. 58 ; 1 Porter 26 ; 3 Ala. 581 ; 20 Ala. 303. Defendants' consent is not matter of mere inference or presumption ; the minute entry shows, that they participated with the plaintiff in effecting a revival. Their failure to contest the revival at the time it was effected, and their subsequent appearance and continuance, were so many recognitions of Thomas' right to prosecute the suit, and admissions that it was properly revived ; the plaintiff acted on these admissions, and they are, therefore, conclusive against the defendants.— 22 Ala. 436. 2. There was no discontinuance, in the strict technical sense of that term, for the defendants were not "without a day" in court; but, if there was, it was waived by the defendants' appearance, continuing the case after revival, pleading, &c.—1 Bouv. Law Dic., titles, " Continuance" and " Discontinuance, 338, 472 ; 1 Tom. *ib.* 560; 9 Porter 520. The case was continued "on the application and showing of the defendants," at the second term after the revival, and they thereby waived the prior discontinuance, if any existed.— Minor's R. 137. 3. They, also, waived error (if any) in the ruling of the court refusing to dismiss, by not excepting to its action at the time.—17 Ala. 816 ; 22 Ala. 690. 4. The revival in the name of Thomas, as administrator, might have been pleaded in abatement, and, hence, is no cause of error.—Bacon's Abr., " Abatement K," " Error K, 5 ;" 1 Comyn's Dig. [*159], (I, 36) ; 3 *ib.* [*581] ; Gould's Plead., ch. v,

§ § 153, 79; 3 Ala. 609; 20 ib. 236; 20 Ala. 273; 5. The court had no discretionary power to deprive the plaintiff of the benefit of defendants' waiver.—22 Ala. 524.

II. Plaintiff's demurrer to the plea in abatement was properly sustained. The plea was bad: 1. Plaintiff may declare as executor or administrator, though the process only describe him generally. The writ is only the process to bring the defendant into court: the declaration shows the character in which the plaintiff sues, and the defendant is sued, and if the latter is correct, it suffices.—3 Wilson 141; 2 Strange 1232; 4 Burrow 2417; 2 Cowper 455. 2. The plea was bad in form, (which is substance—Elmes & Co. v. McKenzie, 5 Ala. 617; 22 Ala. 500); because it defends "the wrong and injury," when it should have been "force and injury," as the action was trespass.—Steph. Plead. 434, 479; 1 Chitty's Plead. 231, 460, 463; 3 ib. 892. 3. It was bad in not praying "judgment of the writ and declaration," in the beginning, as well as the conclusion, of the plea, as it was for matter apparent on the face of the writ.—1 Tidd's Prac. 637; 1 Comyn's Digest [*144,] (I 12); 3 Saund. 209 a, note 1, and 209 d, note; 2 B. & P. 420; 5 Mod. 132, 144; 12 Mod. 525. 4. And whether good or bad, defendants waived their objection to the demurrer, and acquiesced in the court's judgment, by pleading over.—Minor 178; 1 Stew. 45, 141; 2 Stewart 372, 443; 7 Porter 34; 5 Mass. 266; 11 Pick. 221; 1 Marsh. 592; 1 Comyn's Digest [*146], (I 13). Defendants waived error, also, by not specially excepting to the action of the court sustaining the demurrer. 17 Ala. 816; 22 Ala. 690.

III. The court properly sustained plaintiff's demurrer to the defendants' second plea to the merits and in bar; because: 1. The plea contained no matter of legal justification. If the negro was guilty, as alleged, the law provided a mode of redress, and defendants had no legal right to punish him, unless plaintiff consented, and this plea does not aver plaintiff's consent. Under the general issue, they might, perhaps, have proved the averments of the plea in mitigation of damages, but they were no defence to the action. 2. The plea was objectionable for duplicity, being in the alternative. 3. Defendants did not specially except to the action of the court sustaining the demurrer, and, therefore, waived error.—17 Ala. 816; 22 ib. 690.

IV. The motion to exclude the part of Dale's testimony ob-
jected to, was properly overruled. 1. If any part of it was
illegal, the defendants were bound to specify it; and if they
objected to the whole as illegal, they should have-stated the
grounds of objection, or shown the facts and circumstances
rendering it illegal. It was clearly admissible to prove, that
" said negro slave, Lewis," was " the property of Alexander
Jeffries, deceased," as well as the date and *locum in quo* of the
alleged trespass. The court was not bound to separate the
legal from the illegal, and grant the motion in part, and, there-
fore, rightly rejected it *in toto.*—7 Ala. 269; 17 *ib.* 378; 20
*ib.* 392; *ib.* 828; 22 Ala. 422. 2. The part of the answer
asked to be stricken out, is strictly responsive to the interroga-
tory; and as the interrogatory was not objected to, the answer
is admissible. Defendants ought to have objected to the inter-
rogatory, if the matter naturally elicited by it would be objec-
tionable. In not objecting, they took the chances for a response
favorable to themselves, and should not be allowed to object,
now that it has turned out unfavorable. 3. If the court erred,
it was error without injury; for the record discloses a good
cause of action, and fully demonstrates the trespass, with or
without the testimony asked to be excluded, and this court will
not reverse for such error.—Decisions of this court, *passim.*

LIGON, J.—There was no error in overruling the motion
of the defendants to dismiss the suit, on account of a supposed
discontinuance, because the names of Routt and wife, as
executor and executrix, had ceased to be used as plaintiffs,
and that of Thomas, as administrator, had been substituted
on the record before the motion was made. The defendants
were in court, and consenting to the order made at the
August term, 1850, by which Thomas was substituted for
Routt and wife as plaintiff, and at a subsequent term, the
case was continued on their motion; and they will not be
allowed, after both their agency in making Thomas a party,
and their long acquiescence in the order by which he was
admitted to prosecute the suit as plaintiff, to object to the
order by which he was made a party. The objection should
have been taken at the time he was proposed to be substitu-
ted for the original plaintiffs, if such substitution were irreg-

ular ; as it was not, it must be considered as waived.   There
was no discontinuance of the suit, as it was regularly con-
tinued from term to term from its commencement to the final
trial in the court below.

If there was a change in the administration of Jeffries'
estate, as the record clearly indicates, between the com-
mencement of the action and the time at which the order was
made admitting Thomas, administrator of Jeffries, as a party
plaintiff, we could not say there was error in his becoming
such.   On the contrary, such an order is fully authorized by
our statute (Clay's Digest 227 § 30) ; for the declaration
clearly shows, that the wrong complained of was committed
upon a slave belonging to the estate of the testator, and the
amount of damages recovered will be assets of the estate.
It was proper, therefore, that the suit should be brought
and prosecuted in the name of his personal representative :
and if, during its pendency, there was a change of represen-
tatives, there may also be a change in the party plaintiff to
the suit.—Graham v. Grant, 12 Ala. 105 : King & Clarke
v. Griffin, 6 Ala. 387.

Neither was there any error in sustaining the demurrer
to the plea in abatement.   There is no such variance between
the writ and declaration, in legal effect, as would hinder the
former from being amended, on motion, and where this is the
case a plea in abatement, if demurred to, will not be allowed.
Caldwell v. The Branch Bank at Mobile, 11 Ala. R. 549.—
Pleas in abatement are never favored by the courts, and in
them matters of form become matters of substance ; and if
they are technically deficient in form, a demurrer will be sus-
tained.   The plea here undertakes to defend " the wrong
and injury," when the action is trespass, and the books re-
quire the form of defence to be to " the force and injury."—
20 Ala. R. 404 ;  Elmes & Co.  v. McKenzie, 5 Ala. 617 ;
Stephens' Plead. 434–479 ; Chit. Pl. 231, 460, 463.

The third error assigned is predicated upon the ruling of
the court on the objection of the defendants to a portion of
the testimony of the witness Dale.   The answer, a portion
of which was objected to, is directly responsive to the ques-
tion. It appears that the interrogatories were served upon the
counsel of the defendant, who took no exceptions to them at

any time. If a party fail to object to a question when asked, it seems, he will not be allowed to object to the answer when made, if it directly respond to the question, which is the case here. Were the rule otherwise, it would give the party the advantage of the answer, if it was favorable to him, and the right to exclude if it was unfavorable—a privilege which neither common justice nor the rules of evidence will extend to him.—Anderson v. Snow & Co., 9 Ala. 247 ; Bradford v. Haggerthy, 11 Ala. 698.

The question is, " Did you not see said defendants, or either of them, commit any trespass, about the last time named, on any slave?" To this the witness replied, "I did see them commit a trespass on said negro slave, Lewis," &c. The question itself was objectionable ; but, as that was permitted to pass without exception, the plaintiff was entitled to an answer, and if that answer was responsive, it was too late for the defendants to object to it. The opinion of the witness, however, seems to be fully justified by the facts which he discloses in the same answer, as he goes on to state that the defendants inflicted a most cruel whipping upon the slave, without authority, or even well founded excuse, for so doing.

There was no error in sustaining the demurrer to the second plea of the defendants. The matter of that plea, in the manner in which it is therein set forth, forms no bar to the action ; at most, it could only tend to mitigate the damages. No person has the right to inflict chastisement on his neighbor's slave, without the consent of the owner, unless such authority is given him by statute, as in the case of patrols, and on his own premises when such slave is found there without the permission of his master or overseer, &c. ; and even in these cases, the plea, to be good, should set out and aver the authority under which the party acted. When acting with the warrant of law, the party may forfeit its protection, if the chastisement inflicted by him is cruel and excessive.

There is no error in the record, and the judgment is affirmed.