(87 South. .698)

### WIGGINTON v. STATE. (8 Div. 759.)*

(Court of Appeals of Alabama. June 29, 1920.
Rehearing Denied Jan. 21, 1921.)

1. CRIMINAL LAW ⬅695(2) — QUESTIONS HELD NOT PATENTLY ILLEGAL OR IRRELEVANT, AND HENCE GENERAL OBJECTIONS WERE INSUFFICIENT.

On the preliminary question as to the predicate necessary to the introduction of secondary evidence of testimony given by an absent witness on the preliminary hearing, questions seeking to elicit testimony that such witness was a nonresident, that his stay in the state was temporary, and that he was beyond the jurisdiction of the state at the time of the trial, were not patently illegal or irrelevant, and their admission over general objections not specifying any grounds was not error under circuit court rule 33.

2. CRIMINAL LAW ⬅695(2)—OBJECTION TO EVIDENCE BECAUSE PROPER PREDICATE HAD NOT BEEN LAID HELD GENERAL AND OVERRULING NOT ERROR.

Objections to evidence of a witness' testimony on the preliminary hearing because the proper predicate had not been laid for secondary evidence or for testimony of a witness on the preliminary hearing were general, and the overruling thereof was not error under circuit court rule 33.

3. CRIMINAL LAW ⬅543(2)—MATTERS TO BE SHOWN AS PREDICATE FOR PROOF OF TESTIMONY ON PRELIMINARY HEARING STATED.

To admit testimony given by an absent witness on the preliminary hearing, it must appear that the testimony was given under oath before a competent tribunal having jurisdiction, that the witness is inaccessible for one of the statutory reasons, and that the witness who proposes to testify remembers the substance of the testimony given on such hearing.

4. CRIMINAL LAW ⬅695(2)—SPECIFIC OBJECTION TO EVIDENCE WAIVES OBJECTIONS NOT SPECIFIED.

Where the first two grounds of objection to evidence were general and the third ground specific, the specific objection waived the grounds not specified.

5. CRIMINAL LAW ⬅1144(12)—EVERY PRESUMPTION INDULGED IN FAVOR OF FINDING AS TO PREDICATE FOR EVIDENCE.

Every reasonable presumption is indulged in favor of the trial court's finding that there was sufficient proof of nonresidence of a witness to admit his testimony on the preliminary hearing.

6. CRIMINAL LAW ⬅1144(12)—PROPER PREDICATE FOR EVIDENCE PRESUMED UNLESS CONTRARY AFFIRMATIVELY APPEARS.

While the burden was on the state to lay a proper predicate for testimony given on the preliminary hearing, introduced by it, it will be presumed on appeal that this was done, unless the contrary affirmatively appears from the record.

7. CRIMINAL LAW ⬅315—NONRESIDENCE OF WITNESS WHEN SHOWN IS PRESUMED TO CONTINUE.

Where it is shown that an absent witness is a nonresident, this status is presumed to continue.

8. CRIMINAL LAW ⬅543(1)—ABSENT WITNESS' DECLARATIONS NOT ADMISSIBLE TO PROVE NONRESIDENCE.

The declarations of an absent witness are not competent to prove his nonresidence as a predicate for the introduction of his testimony on preliminary hearing.

9. CRIMINAL LAW ⬅543(2)—EVIDENCE HELD INSUFFICIENT TO SHOW NONRESIDENCE OF ABSENT WITNESS.

Evidence held insufficient to show the nonresidence or absence from the state of an absent witness so as to admit his testimony on preliminary hearing.

10. CRIMINAL LAW ⬅1186(4) — PROOF OF TESTIMONY ON PRELIMINARY HEARING OF ABSENT EYEWITNESS WITHOUT PROPER PREDICATE NOT HARMLESS.

The admission, without sufficient proof of the nonresidence or absence from the state of a witness, of testimony given by him on preliminary hearing, was not harmless under rule 45, though his testimony was only cumulative where he was an eyewitness to the difficulty involved.

11. CRIMINAL LAW ⬅1186(4)—RULE AS TO DISREGARD OF HARMLESS ERRORS TO BE APPLIED WITH CAUTION.

Rule 45 (61 South. ix [1]), requiring the disregard of errors not injuriously affecting defendant's substantial rights, will be applied with caution in order that what was intended to promote justice may not prove a denial of substantial rights.

12. CRIMINAL LAW ⬅807(1) — ARGUMENTATIVE CHARGE PROPERLY REFUSED.

An argumentative charge was properly refused.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Judgment reversed 87 South. 700.      [1] 175 Ala. xxi.

Appeal from Circuit Court, Limestone County; Robt. C. Brickell, Judge.

Van Wigginton was indicted on a charge of murder in the second degree, and on his trial was convicted of manslaughter in the first degree. From the judgment, he appeals. Reversed and remanded.

W. R. Walker, of Athens, for appellant.

The predicate was not sufficient upon which to introduce the evidence of the absent witness. 11 Ala. App. 15, 65 South. 444; 15 Ala. 749; 17 Ala. 354; 17 Ala. 415; 67 Ala. 55, 42 Am. Rep. 95; 92 Ala. 41, 9 South. 406; 106 Ala. 74, 17 South. 512; 183 Ala. 61, 63 South. 71. Parol evidence of such testimony is not admissible until section 7600, Code 1907, is shown not to have been complied with. Authorities supra. The burden was on the state to lay a proper predicate. Authorities supra. A general objection was sufficient. 18 Ala. 479, 52 Am. Dec. 230; 19 Ala. 135; 30 Ala. 672; 90 Ala. 352, 8 South. 30; 94 Ala. 162, 10 South. 137.

J. Q. Smith, Atty. Gen., and Callahan & Harris, of Decatur, for the State.

Rule 33, Supreme Court, supersedes all former decisions governing such questions, and requires a proper objection and exception be made to evidence. 183 Ala. 61, 63 South. 71; 153 Ala. 375, 44 South. 979; 5 Ala. App. 481, 59 South. 514; 13 Ala. App. 184, 68 South. 583; 179 Ala. 136, 59 South. 591; 201 Ala. 547, 78 South. 901; 159 Ala. 300, 48 South. 697. Parties may try their causes on illegal testimony, and when so tried will be considered on appeal the same way. 156 Ala. 465, 47 South. 97; 112 Ala. 356, 20 South. 399; 96 Ala. 126, 11 South. 409; 20 Ala. 43; 38 Cyc. 1394. Whether or not a proper predicate is laid is addressed to the sound discretion of the court. 183 Ala. 61, 63 South. 71; 24 Utah, 482, 68 Pac. 418, 91 Am. St. Rep. 811. All reasonable presumptions will be indulged in favor of the court's rulings thereon. 12 Ala. App. 265, 68 South. 500.

SAMFORD, J. [1] One of the principal points presented by the record and insisted on in brief of counsel was the introduction by the state of the testimony given by a witness on the preliminary hearing of the case against the defendant before the committing magistrate. During the taking of the testimony, on the preliminary question before the judge as to the predicate necessary to the introduction of secondary evidence as to the testimony of this witness, many objections were made to questions asked, and motions made to exclude the answers. These objections and motions were overruled. The questions, seeking, as they did, to elicit testimony tending to show that the witness was a nonresident of the state, that his stay in the state was temporary, and that he was at the time of trial beyond the jurisdiction of the state, were not patently illegal or irrelevant, and, the objections being general, and the grounds not being specified, the exceptions will not be considered error. Circuit Court Rule 33; Carter v. State, 16 Ala. App. 184, 76 South. 468. The witnesses on the question of the predicate having testified, first Puryear, that he was sheriff of the county and was at the last term of court; that he knew Frank Graham, who was a witness examined on the preliminary trial of this defendant; that he was present and so was defendant; that he had a subpoena for Graham before the grand jury; that he had a subpoena for him at the last term of court as a witness in this case, but he did not find him; that he did not live in the county; that before the preliminary trial Graham said he lived in Tennessee; that the preliminary trial was in May or June, 1919. The deputy solicitor testified that he was present at the preliminary trial; that Graham was examined as a witness; that he was sworn and examined; that Graham testified he lived in Tennessee; that Graham said he was working for Mr. Leney; that Graham was getting out some telegraph poles in the county down on the river.

[2-4] The state then asked this question: "Now state to the jury what he testified to on that trial." The defendant objected, assigning three grounds: (1) Because the proper predicate had not been laid for secondary evidence; (2) because the proper predicate had not been laid by the state by which it is authorized to introduce the testimony of a witness on the preliminary hearing; (3) because there is not sufficient proof of the nonresidence of the witness to authorize the introduction of his evidence given on the preliminary hearing of the defendant. The first two of these grounds are general, not specifying the grounds, and therefore the court's action in overruling them will not be considered error. Circuit Court Rule 33. There are several material facts necessary to prove in the laying of a complete predicate for the introduction of secondary evidence in this case; a failure in either one rendering the predicate defective and ineffective. Among these are that the testimony was given under oath by the said witness on a former hearing; that such testimony was given before a competent tribunal and with jurisdiction, etc.; that the witness is inaccessible for one of the statutory reasons; that the witness who proposes to testify remembers the substance of the testimony he is called upon to detail; and perhaps others. A general objection specifies none of these, and since the adoption of circuit court rule 33 the decisions of the Supreme Court and of this court are uniform to the effect that, where the evidence is not manifestly illegal and irrelevant and apparently incapable of being rendered admissible in connection with other evidence,

a general objection cannot be sustained. Buford v. Little, 159 Ala. 300, 48 South. 697; Adams Hdwe. Co. v. Wimbish, 201 Ala. 547, 78 South. 901. The first two grounds of objection being general in their nature, and the third ground specific, the latter objection waives the other grounds not specified. Cooper v. Slaughter, 175 Ala. 211, 57 South. 477.

[5-8] The third ground of objection, "because there is not sufficient proof of the nonresidence of said witness to authorize the introduction of his evidence given on the preliminary hearing of the defendant," raises but one question, and that is that the nonresidence or absence from the state of the witness Graham had not been sufficiently shown. Every reasonable presumption is indulged in favor of the finding of the trial court on a question of this kind. Hardaman v. State, 16 Ala. App. 408, 78 South. 324; Harwell v. State, 12 Ala. App. 265, 68 South. 500. And, while the burden is on the state to lay a proper predicate it will be presumed on appeal that this was done, unless it affirmatively appears from the record to the contrary. Price v. State, 117 Ala. 113, 23 South. 691. Where it is shown that a witness is a nonresident, this status is presumed to continue. Daniels v. Hamilton, 52 Ala. 105. But in a controversy arising between third parties his declarations are not competent to prove his residence. Bradford v. Haggerthy, 11 Ala. 698; Ham v. State, 156 Ala. 645, 47 South. 126; Griffin v. Wall, 32 Ala. 149. There was no testimony to prove the nonresidence of Graham other than his declarations, which under the foregoing authorities were not competent for that purpose.

[9] Omitting this testimony, the only testimony left is that of the sheriff that he had had two subpœnas for the witness at a former term of the court which he had not executed and the sheriff's conclusion that the witness was not in the county and the testimony of the deputy solicitor that witness was cutting some telegraph poles down on the river. This was not sufficient proof to establish nonresidence or absence from the state. Harwell v. State, 12 Ala. App. 265, 68 South. 500; Bell v. State, 156 Ala. 76, 47 South. 242; Dennis v. State, 118 Ala. 72, 23 South. 1002; McMann v. State, 113 Ala. 86, 21 South. 418. So far as the evidence in this case shows, Graham was still "down the river," in Limestone county, cutting telegraph poles. In the absence of evidence proving that Graham was a nonresident and temporarily in the state, it was incumbent upon the state to show by evidence that, after diligent search in such places as he was liable to be, he could not be found. Although every reasonable presumption will be indulged in favor of the trial court in its rulings in connection with the establishment of predicates, to uphold the finding in this case would be to extend the rule beyond the limits of legitimate presumption.

[10, 11] It is earnestly insisted by counsel for the state, in an able brief that, granting the contentions of appellant, this is a case for the application of rule 45 (61 South. ix [2]), in that the testimony of Graham did not probably injuriously affect substantial rights of the defendant. True, Graham's testimony was only cumulative, but great importance was attached to it by the state on the trial, and to our mind it would be a dangerous construction indeed for the courts to hold that the entire testimony of an eyewitness to a difficulty was necessarily without effect on the jury in the making up of its verdict. Rule 45 was a long step forward in the administration of substantial justice, without unnecessary delay, caused by technical errors having no substantial effect on the result of trials, but the rule will always be applied with caution lest what was intended to promote justice should prove to be a denial of substantial rights. We cannot agree with the contention that rule 45 should be applied in this case.

[12] Charge 30, if not otherwise objectionable, was argumentative, and for that reason was properly refused.

For the error pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

### On Remand from Supreme Court.

PER CURIAM. This case having been remanded to this court for further consideration, we hold that, after making proper allowance for the finding of the trial court, a sufficient predicate has not been proven authorizing the state to introduce secondary evidence of the testimony of the witness Graham, who had testified on the preliminary trial of defendant, before the committing magistrate, and who was not present at the trial, it not having been shown by competent evidence that Rankin was a nonresident of the state or that his whereabouts were unknown and his testimony at first hand unobtainable by due diligence. State ex rel. Attorney General (8 Div. 306, Supreme Court. November term, 1920) 87 South. 700.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.

[2] 175 Ala. xxi.