### HERRING v. STATE.    (4 Div. 865.)

(Court of Appeals of Alabama.    July 22, 1924. Rehearing Denied Aug. 19, 1924.    Reversed on Mandate Oct. 28, 1924.)

I. Criminal law ☞753(2)—Where evidence sufficient to go to jury, general affirmative charge properly refused.

Where evidence is sufficient to go to jury, general affirmative charge in favor of accused was properly refused.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**2. Criminal law ⚙⟶1144(13)—Presumption entertained in favor of refusal of new trial on ground verdict against evidence.**

Where evidence is sufficient to go to jury, Supreme Court will indulge every presumption in favor of ruling of lower court denying motion for new trial, on ground verdict is contrary to evidence.

**3. Witnesses ⚙⟶372(1) — Facts showing witness' bias or prejudice may be brought out on cross-examination.**

Facts showing bias or prejudice of witness testifying adversely to defendant may be brought out on cross-examination.

**4. Witnesses ⚙⟶370(1)—Reluctance of prosecuting witness, in ravishment prosecution, to attend court held not to show bias against accused.**

Reluctance to attend court by prosecuting witness, in prosecution for assault to ravish, did not show her ill feeling or bias against accused, and it was therefore not error to exclude testimony on issue of her bias.

**5. Rape ⚙⟶40(3)—Evidence of illicit relations between prosecuting witness and third party held properly excluded.**

In action for assault to ravish, evidence of illicit relations between prosecuting witness and third party not connected with case was properly excluded.

**6. Rape ⚙⟶40(2)—Evidence that prosecuting witness on another occasion had sexual intercourse with accused held admissible.**

In action for assault to ravish, evidence that on occasion other than that charged prosecuting witness had sexual intercourse with accused was admissible.

**7. Rape ⚙⟶47—Circumstances surrounding admissions of prosecuting witness after assault held not admissible.**

In action for assault to ravish, admissions by prosecuting witness at accused's home after alleged assault held admissible, but details of what occurred at his home were not admissible.

**8. Criminal law ⚙⟶407(1)—Declarations of accused's wife to third party concerning acts of prosecuting witness held not admissible as an undenied accusation.**

In prosecution for assault to ravish, statements by accused's wife to third party that she saw prosecuting witness having sexual intercourse with accused on another occasion held not admissible as an undenied accusation made in presence of an accused person.

**9. Criminal law ⚙⟶1169(1)—Exclusion of evidence of cordial relations between prosecuting witness and accused prior to assault to ravish, if error, harmless.**

Exclusion of evidence as to cordial relations between prosecuting witness and accused prior to assault to ravish, if error, did not affect accused's substantial rights, since such friendliness is not, as matter of law evidence of undue intimacy.

**10. Witnesses ⚙⟶236(1)—Questions as to age of competent witness properly excluded.**

Where competency of witness was unquestioned, questions as to her age were properly excluded.

**11. Criminal law ⚙⟶742(3)—Impeachment of prosecuting witness in rape prosecution held for jury.**

In action for assault to ravish, impeachment of prosecuting witness *held* for jury.

Appeal from Circuit Court, Dale County; J. S. Williams, Judge.

Andy Herring was convicted of assault to ravish, and he appeals. Affirmed.

Reversed and remanded, on authority of Ex parte Herring, 212 Ala. 1, 101 So. 636.

Sollie & Sollie, of Ozark, for appellant.

Whatever in the conduct of a witness legitimately tends to show bias or prejudice against the party against whom he is called to testify is material and legally admissible, the exclusion of which constitutes reversible error. L. & N. v. Tegner, 125 Ala. 593, 28 So. 510; McGar v. Adams, 65 Ala. 106; Gray v. State, 19 Ala. App. 550, 98 So. 818; Russell v. State, 19 Ala. App. 425, 97 So. 847; Ex parte Morrow, 210 Ala. 63, 97 So. 108; Parker v. Newman, 200 Ala. 103, 75 So. 479; Patterson v. State, 8 Ala. App. 420, 62 So. 1023; Brooks v. State, 8 Ala. App. 277, 62 So. 569; Wigmore on Evi. §§ 284, 1242. The defendant should have been permitted to prove improper relations between the prosecutrix and Haisten. Burger v. State, 83 Ala. 36, 3 So. 319; Sou. Ry. v. Bush, 122 Ala. 470, 26 So. 168; Sparks v. Reeves, 165 Ala. 352, 51 So. 574; Ex parte Pepper, 185 Ala. 284, 64 So. 112; Martin v. State, 125 Ala. 64, 28 So. 92; Motley v. State, 207 Ala. 640, 93 So. 508, 27 A. L. R. 276; Baalam v. State, 17 Ala. 451; 1 Greenleaf on Evi. § 454. Testimony by defendant's wife and daughter as to defendant's conduct with the prosecutrix was admissible. 1 Greenleaf on Evi. § 197; Fuller v. Dean, 31 Ala. 654; Johnson v. State, 17 Ala. 618; Campbell v. State, 55 Ala. 80; Perry v. Johnston, 59 Ala. 648; Kirkland v. Lott. 66 Ala. 417; Hendley v. State, 200 Ala. 546, 76 So. 904; Patterson v. State, 202 Ala. 65, 79 So. 459.

Harwell G. Davis, Atty. Gen., and O. B. Cornelius, Asst. Atty. Gen., for the State.

Testimony as to the relations between prosecutrix and one Haisten was irrelevant. Henry v. State, 79 Ala. 42. The details of a difficulty between prosecutrix and another witness are not relevant. Whitaker v. State, 106 Ala. 30, 17 So. 456; Curtis v. State, 118 Ala. 125, 24 So. 111.

SAMFORD, J. [1, 2] The facts in this case, as testified to by prosecuting witness,

and corroborated, as to her immediate outcry, by her small son, who appears to have been about five years of age at the time the assault was said to have been committed, tend to make out a case against the defendant of sufficient weight to go to the jury for their determination. Wherever this is the case, the general affirmative charge as requested by defendant is properly refused, and where motion for new trial has been made and overruled by the trial court, on the ground that the verdict of the jury is contrary to the evidence, this court will indulge every presumption in favor of the ruling of the lower court to sustain its rulings. Wigginton v. State, 17 Ala. App. 651, 87 So. 698.

[3, 4] The very persuasive and lengthy brief of counsel for appellant has been read and considered. We recognize and adhere to the rule that any fact which may show or tend to show a bias or prejudice on the part of a witness then testifying adversely to defendant may be brought out on cross-examination. We are also familiar with the extended limits of this rule in Ex parte Morrow, 210 Ala. 63, 97 So. 108. We cannot, however, be brought to see how the fact that the prosecuting witness' reluctance to attend court as a witness for the state could or would tend to show bias or ill feeling on her part as against the defendants. The experiences of dealing with human actions and motives would tend to prove otherwise. At most, it would only tend to show a reluctance on the part of a woman to testify in a public trial to facts of a most delicate nature affecting her person. The court therefore committed no error in refusing to admit testimony that the witness Maudie Barr had on several occasions refused to attend the preliminary trial in the county court.

[5] Evidence of illicit relationship between the party alleged to have been assaulted and one Bill Haisten was properly excluded. Haisten was not at that time a witness in the case, and in no way connected with it.

[6-8] Appellant dwells at length upon the ruling of the court in excluding from the jury the testimony by the wife and daughter of defendant that:

"On one occasion Maudie Barr went to the front yard of defendant on the afternoon of the day she was alleged to have been assaulted, and that witness took a brick and started to hit Mrs. Barr, and made her leave and get out of her yard."

Also, that, when the wife and daughter were down at Mrs. Barr's one morning in November, 1921, at about daybreak, and defendant and Mrs. Barr were seen at the barn door having intercourse, the wife said to her daughter, "I've caught them." It was relevant, and the court permitted the defendant to prove the act of intercourse at the barn,

and permitted proof of admissions made by Mrs. Barr at defendant's house. The details of what occurred at the house were not admissible, and a declaration by the wife to a third party as to what she saw would not be legal testimony to any fact in issue. It is only insisted that this testimony is admissible as an undenied accusation made in the presence of the accused. _ That rule would not apply here. Mrs. Barr was not on trial on the charge of illicit intercourse, and acts of unchastity are not admissible to impeach, her character for veracity.

[9] The rulings of the court upon the admission of testimony by defendant's daughter as to how the witness Maudie Barr appeared when in the company of defendant, if error, was not such as to affect the substantial rights of defendant. Besides, it can never be said, as matter of law, that when a woman appears to be friendly with a man such facts evidence undue intimacy. As to the cordial relations between the defendant and Mrs. Barr prior to the alleged assault, there was ample proof, admitted, and not disputed, to establish the fact beyond peradventure. That being a fact, the defendant had the full benefit of the proof sought.

[10] There was no question as to the competency of the witness Daisy Belle to testify as a witness, and hence the questions as to her age were properly objected to. 12 Mitch. Dig. p. 1113 (22).

[11] The question of the impeachment of Mrs. Barr, the principal state's witness, was for the jury.

We find no error in the record, and the judgment is affirmed.

Affirmed.

PER CURIAM. Reversed, and remanded on authority of Ex parte Herring, 212 Ala. 1, 101 So. 636.