41 So.2d 412

### BARNETT v. PATILLO.

6 Div. 827.

Court of Appeals of Alabama.

May 10, 1949.

Rehearing Denied June 7, 1949.

See also 33 Ala.App. 599, 36 So.2d 450.

W. Marvin Scott, of Cullman, for appellant.

Herman J. Stewart, of Cullman, for appellee.

CARR, Judge.

W. E. Patillo filed suit for the use and benefit of Mrs. Lois Morgan, the wife of Herbert Morgan. The defendant in the case is Sid Barnett.

The cause of action is brought under the protective provision of Title 9, Sec. 45, Code 1940.

In the court below there was a verdict and judgment in favor of the plaintiff.

The assignments of error are predicated solely upon the rulings of the trial court incident to the introduction of evidence.

Herbert Morgan testified that he lost a considerable amount of money to the defendant in a dice game. All that transpired between the participating parties during the progress of this game and a description of the gaming devices constituted a part of the res gestae of the main event. The court was not in error in admitting evidence relating to this aspect of the case. Alabama Power Co. v. Adams, 31 Ala.App. 438, 18 So.2d 145.

This review is in response to assignment of error number 2. We will pretermit any

466

consideration of assignments of error numbered 3, 4, 5, and 6. They are grouped in argument in brief of appellant with assignment number 2. Moseley v. Alabama Power Co., 246 Ala. 416, 21 So.2d 305; Gramling v. Davis, 32 Ala.App. 298, 25 So.2d 393.

For impeachment purposes it is permissible to show that a witness made a statement at a prior time which is at variance with his testimony at the trial of the cause. 19 Ala.Digest, Witnesses, ⊕388 and 389.

This was attempted in the instant case, and it is insisted, by assignments of error 7 and 8, that there was error here.

It may be accurately said that there is some slight variance and difference between the predicates posed and the language used in the questions in which effort was made to prove the contradictory statements.

We will not express our views as to any possible errors here. The objections interposed to the questions omit to point out that the predicate had not been followed. Circuit Court Rule 33, Code 1940, Title 7, Appendix; Wigginton v. State, 17 Ala.App. 651, 87 So. 698; Smith v. Bachus, 195 Ala. 8, 70 So. 261.

We have responded to all questions which we are called upon to review.

The judgment of the court below is ordered affirmed.

Affirmed.

BRICKEN, Presiding Judge, not sitting.