# Childs *v.* The State.

*Indictment for Murder.*

1. *Sufficiency of certified transcript, on change of venue.*—On change of venue in a criminal case (Rev. Code, §§ 4209-11), it is not necessary that the clerk's certificate to the transcript should be under his seal, private or official; nor is it any objection to the transcript, that it is made out and certified by him in the county to which the trial is removed.

2. *Relevancy of evidence showing motive; proof of indictment.*—Where the evidence against the defendants, as the perpetrators of the murder, is entirely circumstantial, the fact that a prosecution for larceny was pending against them at the time of the killing, and that the deceased was the prosecutor and principal witness against them in that case, is relevant and admissible evidence against them, as tending to show a motive for the commission of the crime; but the indictment and its contents cannot be proved by the oral testimony of the clerk and the solicitor.

3. *Prior declarations of witness; admisssibility of, as corroboratory.*—Declarations, verbal or written, made by a witness out of court, are not admissible in corroboration of his testimony on the trial.

4. *Competency of wife as witness for husband's co-defendant.*—Where several defendants are jointly indicted and tried, the wife of one of them is not a competent witness for the others.

From the Circuit Court of Henry.
Tried before the Hon. H. D. CLAYTON.

The defendants in this case, Jerry Childs, Isaac Childs, and Jacob Childs, freedmen, were indicted in Dale county, in March, 1876, for the murder of Mrs. Rosanna You; and their trial was removed to Henry county on their own application. "The defendants objected," as the bill of exceptions states, "to going to trial upon the transcript from the Circuit Court of Dale," which was first offered in evidence against them; "and the court sustained their objections, and thereupon ordered Joseph A. Adams, the clerk of said Circuit Court of Dale, who was then present in Abbeville, to make out another transcript *instanter*. Said Adams then made out a transcript, and affixed his signature and official seal and certificate, in said town of Abbeville, in the said county of Henry." The defendants objected to going to trial on this transcript, on the ground that said Adams had no right, outside of Dale county, to make and certify a transcript of the records of the Circuit Court of that county, and that his

certificate was informal and insufficient. The court over-ruled the objections, and held the transcript sufficient; to which exceptions were reserved by the defendants.

The defendants were tried jointly, and each pleaded not guilty. It was proved that the deceased was shot and killed, in her own house in the country, soon after supper on the night of the 7th of January, 1876, by some person who fired a gun, loaded with buckshot, through a crack between the planks on the side of the house. She had moved into the house late in the evening of that day. Her daughter, about seventeen, and her son, about fourteen years old, were in the room at the time she was killed, and no other person was present. The evidence against the prisoners was circumstantial. The State offered to prove, by the solicitor and circuit clerk of Dale county, that an indictment was pending in said county at the time of the killing, against two of the defendants, Isaac and Jacob, for the alleged larceny of corn belonging to the deceased, and that she was the prosecutrix and principal witness against them. The bill of exceptions does not state the connection in which this evidence was offered, nor the purpose for which it was offered. "The defendants objected to this evidence, because it was illegal, and because it was proving the contents of the indictment by parol; but the court overruled their objections, and the defendants excepted."

It was proved, on the part of the State, that the deceased had rented the house and land, the preceding year, to the defendants, Isaac and Jacob, who had a dispute with her about the rent, a month or more before the killing; and said Jacob had moved out of the house a few days before she moved into it. The State also proved threats made by said Isaac and Jacob against the deceased, growing out of this dispute. Harvey Barnes was introduced as a witness for the prosecution, who testified to a conversation between the defendants in reference to the killing, which he overheard one night, while he was confined in jail with them; and also to subsequent declarations made by them to him, and threats made by them against him, in the same connection, all of which he had repeated to one Garner, the jailor, and J. F. Daughtry. On cross-examination of this witness, he admitted that, in conversations with the defendants' counsel, he had said that all his former declarations, as to said conversation, threats, etc., were untrue; and in this connection he then said: "I lied to him then, but I have told the truth here. I was talking then, but now I am swearing. I tell lies to keep along with my friends; will lie to protect myself. I lied to him, because I thought he was pumping

me, and I did not know that he was my friend." Said Garner and Daughtry were afterwards introduced as witnesses on the part of the State, and testified to declarations made to them respectively by said Harvey Barnes, in reference to the conversations and statements of the defendants, agreeing substantially with the testimony of said witness on the stand; and on objection to this evidence being made by the defendants, "the court overruled said objection, on the suggestion that the evidence was competent to sustain the witness Barnes; to which ruling the defendants excepted."

"In the further progress of the trial, the defendants Isaac and Jerry offered to introduce Emeline Childs, the wife of the defendant Jacob, as a witness for themselves, to prove facts material to their defense; but the court sustained an objection by the State to her competency as a witness, and said Isaac and Jerry excepted. In the same way, and for the same purpose, the defendants Jacob and Jerry then offered to introduce Florence Childs, the wife of the defendant Isaac, as a witness for them, to prove material matters in their defense; but the court sustained an objection to her competency, and said Jacob and Jerry excepted."

Numerous other exceptions were reserved by the defendants during the trial, but the opinion renders it unnecessary to notice them.

Jas. W. Oates and John W. Foster, for the defendants.

Jno. W. A. Sanford, Attorney-General, for the State.

BRICKELL, C. J.—We do not discover that the certified transcript of the original indictment and proceedings thereon in the Circuit Court of the county of Dale, was defective. It seems sufficient; and if it was not, the defects were cured by the second transcript. It was not necessary that the clerk's certificate should have been under his seal, private or official. *Bishop v. State*, 30 Ala. 34. Nor was the second transcript objectionable, merely because it was made out and certified by the clerk in the county of Henry. In *Collier v. State*, 2 Stew. 388, it was held, a clerk could, without his county, certify a transcript of the record and proceedings of a cause pending in his court, but removed by a change of venue to another county.

2. The fact that, at the time of the killing, an indictment was pending against the accused for stealing corn, the property of the deceased, and that she was the prosecutrix and the principal witness, it was proper to receive in evidence. It affected the inquiry, arising naturally, whether the accused

[Childs v. The State.]

had any motive for taking her life, and whether they bore malice to her. Its sufficiency is matter the jury must determine; of its admissibility there is no doubt. But, in receiving oral evidence of the indictment, and its contents, the court erred.

3. The court also erred in permitting the witnesses Garner and Daughtry to testify to the declarations made to them by the witness Barnes, corresponding to his testimony on the trial. After a thorough examination of the authorities, in *Nichols v. Stewart*, 20 Ala. 358, it was held, that declarations, verbal or written, made by a witness out of court, as a general rule, are inadmissible in corroboration of his testimony on the trial of a cause. This case does not fall within any of the recognized exceptions.—1 Greenl. Ev. § 469.

5. It is well established that the wife of one of several defendants, accused of a crime alleged to have been jointly committed, is an incompetent witness, when all of them are on trial, for any of his associates.—1 Bish. Cr. Pr. § 1019.

We find no other errors in the record, than those already noticed. For these, the judgment must be reversed, and the cause remanded. The prisoners will remain in custody, until discharged by due course of law.