# Whizenant *v.* State.

### *Indictment for Grand Larceny.*

1.  *Defendant making statement not subject to cross-examination.*—When a defendant in a criminal case makes a "statement" under the statute, he is not subject to cross-examination by the State; and it is a reversible error for the primary court to allow such cross-examination against his objection.

2.  *Motive or belief; how proved.*—It is for the jury to infer motive, belief, or intention, when a material issue, from the facts and circumstances in the case; they can neither be testified to by witnesses, nor made a part of a defendant's statement.

3.  *Witness' belief or conclusion; when inadmissible.*—On the trial of a defendant indicted for the larceny of two oxen, the evidence connecting the defendant with the larceny tending to show a sale by him of two oxen in witness' presence, and the question being one of identity, it is not permissible for the witness to prove a previous unsworn description which another, when in search of the stolen oxen, had given him, and his belief or conclusion that the description given him corresponded with his recollection of the oxen which the defendant sold in his presence.

4.  *Stolen goods carried into another county; when conviction may be had therein.*—Larceny not changing the ownership or lawful possession of the stolen property, if the thief carry it into another county, or have it so carried, and there exercise dominion over it, this constitutes larceny in such county, and the thief may be indicted and convicted therein.

APPEAL from Jefferson Circuit Court.

Tried before Hon. SAMUEL H. SPROTT.

Henry Whizenant, defendant in the lower court, was indicted, tried and convicted for the larceny of two steers or oxen, the property of Amanda Blackburn. The evidence for the prosecution tended to show the commission of the offense in Shelby county, in August, 1882, and that the steers were afterwards carried to Birmingham, in Jefferson county. To connect the defendant with the offense, the State examined as witnesses Miles and Shafer, who testified that about the time of the larceny Miles purchased from the defendant at Birmingham two steers. Miles testified that the steers which he bought from the defendant were "white and black spotted." The State examined also as a witness one Wright, who testified that he knew the steers which had been stolen; that they were " white and black spotted ; " and that he, having received information that they had been seen in Birmingham, went there in search of them, and saw Miles and Shafer, to whom he gave a description of the stolen steers. Shafer testified that he was present when Miles purchased two steers from defendant, but

[Whizenant v. State.] .

that he did not remember their description ; that Wright, when in search for the steers which had been stolen, described them to him, but the defendant was not then present.  The court then allowed this witness to testify, in answer to a question propounded on behalf of the State, and against the defendant's objection, that the description given him by said Wright corresponded with that of the steers which Miles had purchased from the defendant; and the defendant excepted.

The defendant made a statement under the statute, the pur-port of which, so far as set forth in the bill of exceptions, tended merely to show an *alibi;* and, against the defendant's objection, the court allowed the State to cross-examine the defendant touching matters stated by him in making his state-ment; and he excepted.

The court charged the jury, *ex mero motu,* that if they be-lieved from the evidence, beyond a reasonable doubt, that, in August, 1882, the steers of Amanda Blackburn were stolen by the defendant in Jefferson county, or in an adjoining county, and brought into Jefferson county by him, then they must find the defendant guilty; and refused to charge the jury at the written request of the defendant, in substance, that if they believed from the evidence, that the steers alleged to have been stolen, were stolen in Shelby county, they must find the de-fendant not guilty.  The defendant excepted to the charge given, and to the refusal of the court to charge as requested ; and he here assigns those rulings, and the ruling of the court on the evidence above noted, as error.

E. W. COLEMAN, for appellant.

H. C. TOMPKINS, Attorney-General, for the State.

(No briefs came to the hands of the reporter.)

STONE, J.—In *Chappell v. State, ante* p. 322, we construed the act under which defendants in criminal cases are allowed " to make a statement as to the facts in their own behalf, but not under oath."  Under the ruling there made, this cause must be reversed.

And in *Burke v. State, ante* p. 377, we ruled that a de-fendant, in making his statement, should not be allowed to state his own motive, belief, or intention, unless that motive, belief or intention was made known at the time the act was done, the facts of which he is permitted to state.  It is for the jury to infer the motive, belief, or intention, from the facts and cir-cumstances in the case, such as witnesses could testify to; and inasmuch as witnesses can not know, and therefore can not

[Ford v. The State.]

testify to the uncommunicated belief, motive or intention of the defendant, neither can the defendant make it a part of his statement.

Wright, the witness, testified to a description of the steers, which were alleged to have been stolen. Miles testified to a description of two steers he said he had purchased from the defendant. This was certainly proper testimony to be weighed by the jury, in connection with the other evidence in the cause, in determining whether the steers alleged to have been lost, were the same steers which were, according to the testimony of Miles, sold to him by the defendant. It was not, however, permissible to prove any previous unsworn description the witness Wright may have given, nor the belief or conclusion of the witness Shafer, that that description corresponded with his own recollection of the steers he saw sold to Miles. It could not legitimately be made the basis of a comparison by the witness, nor could his conclusion or opinion, based thereon, be given to the jury as evidence. Nor was it admissible, in corroboration of the witness Wright. The whole subject was one of identity, and that was for the jury to determine.—See 1 Greenl. Ev. § 469; *Nichols v. Stewart,* 20 Ala. 358; *Childs v. State,* 55 Ala. 25.

Larceny does not change the ownership or lawful possession of property. Consequently, if the thief carry the stolen goods into another county, or have them so carried, and there exercise dominion over them, this constitutes a theft in the latter county; and the indictment, prosecution and conviction may be had in that county.—*Smith v. State,* 55 Ala. 59; *Lucas v. State,* 62 Ala. 26.

On the two questions above noted, the judgment of the Circuit Court is reversed, and the cause remanded. Let the accused remain in custody until discharged by due course of law.