# Bonner *v.* The State.

### Indictment for Assault.

1. *Retaking property by force may be criminal.*—Although one has an undoubted right to use reasonable force in reclaiming his property, held under an unfounded claim, yet if he does so in an angry manner, using more force than is necessary to effect his object, he is guilty of assault.

2. *Alternative averments in different counts not improper.*—An indictment may charge an assault with a knife in one count and a simple assault in another, and if the proof supports the latter count and the jury so finds, there is no variance.

3. *Charge applicable to evidence not abstract.*—A charge which correctly asserts the principles of law applicable to the evidence in the case is not abstract.

APPEAL from Choctaw Circuit Court.
Tried before Hon. WILLIAM E. CLARK.

[Bonner v. The State.]

W. F. GLOVER, for appellant, insisted that the charge of the court was abstract, citing *Lehman v. Warren*, 53 Ala. 538; *Henderson v. State*, 49 Ala. 20. That there was a variance, *Johnson v. State*, 35 Ala. 363; *Walker v. State*, 73 Ala. 17; That one may reclaim his goods, *Com. v. McCue*, 16 Gray, 226; *State v. Elliott*, 11 N. H. 540; *Overdeer v. Lewis*, 1 Watts & S. 90.

W. L. MARTIN, Attorney-General, for the State.

McCLELLAN, J.—The indictment in this case contains two counts: One for an assault with a knife, the other for simple assault, against the person of T. Jeff Harrison. The evidence tended to show that the alleged assault was committed by the defendant in removing a bale of cotton which belonged to him from Harrison's gin, which removal the latter was attempting to prevent by sitting on the bale and otherwise interposing his person between the cotton and defendant's wagon toward which defendant and his sons were rolling it. The bale was turned over while Harrison was upon it, throwing him off, and afterwards rolled against him. There was also evidence of an angry contention between the parties, and to the effect that defendant and one of his sons drew knives and his other son procured a stick and made demonstrations against Harrison with these weapons, the defendant saying: "I will kill you." It also appears that these demonstrations, coupled with the throwing of Harrison off the bale of cotton and the subsequent rolling of it against his person, overcame his resistance to the removal of the property and that he got out of the way, saying: "I am overpowered and will have to yield." It may be conceded that Harrison had no right to object to the removal of the cotton, his claim to the contrary being wholly misconceived and unfounded. On these tendencies of the evidence, the trial court charged the jury as follows: "If the jury believe from the evidence beyond a reasonable doubt that the defendant rolled the bale of cotton in such an angry manner so as to strike T. J. Harrison and did strike and throw him from the bale of cotton, he would be guilty under the second count in the indictment." The jury returned a verdict of guilty under said second count; and the only reservation for our consideration goes to the correctness of the charge quoted above. The charge is clearly not abstract. Defendant's declaration of a purpose to kill Harrison, along with the threatening demonstrations referred to above, and the circumstances immediately attending the

[Childs v. The State.]

rolling of the bale of cotton, certainly afforded room for a conclusion on the part of the jury that the cotton was moved against Harrison in such an angry manner. And if this were not so, if the charge was abstract merely, this would be no ground for a reversal of the judgment, as has been many times decided by this court. That the charge correctly asserted the principle of law intended to be declared, there is, we think, no doubt. Conceding that defendant had the right to remove the property, and to use such force as was reasonably necessary to that end, he could not justify under this right the angry and rude assault which the evidence tends to show and which the charge hypothesizes, no necessity therefor being shown to the legitimate end the defendant sought to accomplish.

The objection made in argument that there is a variance between the averment and proof was not made in the court below, and, had it been, would not have availed the defendant there or here. The second count, as we have seen, states a simple assault. There was evidence tending to support this averment, and the jury found the fact to be in line with this aspect of the evidence. There can therefore be nothing in the contention of appellant in this connection.

The judgment of the Circuit Court must be affirmed.