# Smith *v*. The State.

*Indictment for Assault and Battery.*

1. *Assault and battery; res gestæ.*—On a trial under an indictment for an assault and battery, the fact that at the time the assault was committed by the defendant, the person assaulted was attempting to get possession of a gun in the hands of a third person, is a part of the *res gestæ* of the assault, and is admissible in evidence.

[Smith v. The State.]

2. *Same; same.*—On a trial under an indictment for assault and battery, where it is shown that just prior to the assault by the defendant two other men had drawn their guns upon the person assaulted, and while the latter was attempting to get possession of one of the guns and a friend of his was trying to disarm the other man who had a gun, the defendant interposed in the general melee and committed the assault complained of, the facts and circumstances of the scuffle between the friend of the person assaulted and one of the persons who drew his gun, and the further fact that the defendant also cut such friend of the person assaulted while he was trying to get possession of the gun, are clearly within the *res gestœ* of the assault charged against the defendant, and are admissible in evidence.

3. *Evidence; when objection too general.*—Where a portion of the testimony of a witness is competent, an objection by the defendant "to everything as testified to" by such witness, "separately and particularly," is too general to put the trial court in error for refusing to exclude any part of such testimony which may have been incompetent.

4. *Assault and battery; sufficiency of evidence to support indictment.*—Where an indictment charges that the defendant "did assault and beat" a certain named person, proof that the defendant struck such person and cut him with a knife is sufficient to support the indictment.

5. *Pleading and practice; judgment conclusive of what offense convicted.*—The judgment entry in a criminal case is conclusive of the finding and judgment of the court to show of what offense the defendant is convicted, and, therefore, on appeal, the appellate court must be controlled by the recitals in the judgment entry, and not by what appears in the bill of exceptions as to the offense of which the defendant was convicted.

6. *Assault and battery; defendant can be convicted of an assault with weapon under Code form of indictment.*—Under an indictment which charges that the defendant "did assault and beat" a certain named person, (Code, p. 325, Form 9), the defendant can be convicted of an assault with a weapon.

7. *Rulings of court upon motion for new trial; not revisable on appeal.*—In criminal cases, the refusal of the court to grant a motion for a new trial is not revisable on appeal.

APPEAL from the County Court of Wilcox.
Tried before the Hon. JAMES T. BECK.
The indictment under which the appellant, Thomas

Smith, was tried and convicted was as follows: "The grand jury of said county charge that before the finding of this indictment, Tom Smith, alias Thomas Smith, did assault and beat Taylor McWilliams, against the peace and dignity of the State of Alabama." This indictment was preferred at the Spring Term, 1897, of the Circuit Court of Wilcox County.

On the trial of the cause, Taylor McWilliams, a witness for the State, testified that some time in the month of March, 1897, at a log-rolling in Wilcox County, the defendant cut him with a knife, striking him from behind in the back of the head; that at the time the defendant so struck him with the knife, he, Taylor McWilliams, was attempting to get possession of a gun in the hands of one Joe Beck. The defendant objected to all that the witness McWilliams said about the gun and Joe Beck, on the ground that the gun was not in the hands of the defendant, and there was no evidence that the defendant was attempting to get possesion of the gun, and because the evidence was irrelevant and immaterial, the court overruled this objection, and the defendant duly objected. The defendant further objected to anything the witness had said about the assault with a weapon, on the ground that the allegation and the proof must correspond. The court overruled this objection, and the defendant duly excepted.

John Young, a witness for the State, testified that he was present at the time McWilliams was assaulted and saw Tom Smith, the defendant, strike McWilliams with a knife; that he saw the defendant make two strokes in succession. By one stroke he cut Tate Blackman and he then immediately cut Taylor McWilliams in the head with the knife. The defendant objected to all that this witness said about the defendant cutting Tate Blackman, and also objected to the testimony of the witness about the assault upon Taylor McWilliams being made with a knife. The court overruled each objection, and the defendant separately excepted.

Tate Blackman, a witness for the State, testified that he was present at the time Taylor McWilliams was cut; that Tom Smith, the defendant, cut him, the witness,

[Smith v. The State.]

in the neck with a knife on the same night; that at the time the said cutting was done by defendant, he, the said Tate Blackman, was attempting to get possession of a gun in the hands of one Tom McNeill who had drawn the gun on Taylor McWilliams. The defendant objected to everything the witness Blackman testified to, on the ground that it was irrelevant, that it was not sufficiently connected in time and place to become a part of the *res gestæ*, and because the indictment did not charge the defendant with cutting Tate Blackman. The court overruled this objection and the defendant duly excepted.

There was evidence introduced by the defendant tending to show that he did not cut Taylor McWilliams.

Upon the introduction of all the evidence the bill of exceptions recites, that "there being no jury, the court rendered a verdict of guilty of an assault and battery with a knife." Thereupon the defendant filed a motion for a new trial. This motion for a new trial was overruled. The judgment entry recites that "The court after hearing all the evidence in this case renders a verdict of guilty and awards the following punishment," &c.

SAMUEL C. JENKINS, for appellant.—The court erred in admitting in evidence the testimony of Taylor Mc-Williams and Tate Blackman.—*State v. Wisdom*, 8 Port. 511; Wharton on Crime, § 647; *Vaughan v. State*, 83 Ala. 55. The judgment rendered in this case was sufficient to sustain the judgment of conviction.—*Ex parte M. & Ald. of Birmingham*, 116 Ala. 186; 1 Brick. Dig. 500, §§ 749-756; 3 Brick. Dig. 281, § 474, 482; *Bonner v. State*, 97 Ala. 47; *Wheeler v. State*, 109 Ala. 56; *Hall v. State*, 51 Ala. 9; *Tolbert v. State*, 87 Ala. 27; *Wright v. State*, 103 Ala. 95; *Walker v. State*, 73 Ala. 17.

CHAS. G. BROWN, Attorney-General, for the State. The testimony objected to by the defendant was properly admissible in evidence.—*Linnehan v. State*, 117 Ala. 480; *Thornton v. State*, 113 Ala. 43.

McCLELLAN, C. J.—The fact deposed to by Taylor McWilliams that at the time of the assault upon him he,

the witness, was attempting to get possession of a gun in the hands of a third person, Joe Beck, was competent both as going directly to give character to the assault and as part of the *res gestae* of the assault. It appears that this Joe Beck and one McNeil had made demonstrations against Taylor McWilliams with guns, that at the time of the assault while McWilliams was trying to disarm Joe Beck, Tate Blackman was engaged in a like attempt to get possession of McNeil's gun, and that the defendant interposed in the general melee which had been started by the demonstrations of Beck and McNeil against McWilliams and in quick succession struck and cut Blackman and McWilliams. Under these circumstances the scuffle between Blackman and McNeil and the cutting of the former by defendant were parts of a transaction or occurrence embracing also the assault upon McWilliams, and the testimony of Blackman that McNeil had drawn his gun on McWilliams and that he was cut by defendant while he was attempting to take McNeil's gun from him went to facts which were clearly within the *res gestae* of the assault upon McWilliams. If the testimony of Blackman in any other respect was incompetent, the court was yet under no duty to exclude it because the motion to exclude was general, or rather the objection taken was to everything testified to by this witness, much of which was competent. The generality of the objection was not cured by adding that it was made separately and particularly so that it was in this form: "To everything as testified to by Tate Blackman, defendant separately and particularly objects."

The indictment charged that the defendant "did assault and beat" Taylor McWilliams. There is no merit in the position taken for appellant that proof of striking and cutting with a knife does not support this indictment. The charge is in reality merely assault and battery, and is supported by any form of violence to the person. The judgment entry shows that the defendant was convicted of the offense charged in the indictment and not of an assault with a weapon; and this entry, and not what appears in the bill of exceptions, is con-

clusive of the finding and judgment of the court. Besides under this indictment a conviction of assault with a weapon would have been proper.—Code, p. 325, Form 9.

This court has no power to review the action of trial courts upon motions for new trials in criminal cases.

Affirmed.