# Wright *v*. The State.

## *Murder.*

(Decided April 11, 1907.    43 So. Rep. 575.)

*Witnesses; Cross Examination.*—As to whether or not what a witness has stated is true is a question for the jury, and, hence, it is improper to permit a witness to be asked on cross examination if in making a certain statement witness told the truth.

APPEAL from Clarke Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

Sam Wright was convicted of murder in the second degree and appeals. The errors complained of sufficiently appear in the opinion of the court.

No counsel marked for appellant.

ALEXANDER M. GARBER, Attorney General, for state.—No brief came to the reporter.

McCLELLAN, J.—The appellant, after severance, was convicted of murder in the second degree. The testimony on the part of the state tended to show that appellant, with others, among them one Bob Brown, attacked and beat to prostration one Linehan with sticks or pieces of rails, and one of them, Foster, then shot him to death. A witness for the state, having testified that Brown struck deceased a felling blow with a piece of fence rail, and contradicted herself (the bill states) in reference to the place from which Brown got the rail, was on the cross asked: "When you stated that Bob Brown stepped outside of the road as he came along behind you, you did not tell the truth?" A second question, in substance the same as that quoted, was propounded, and both were disallowed on the state's ob-

[Gains v. The State.]

jection. These are the only exceptions appearing in the bill.

Whatever may be the justifiable latitude allowed the cross-examination, or the discretion reposed in the trial court on the cross-examination of witnesses, the above question is intolerable. Whether what a witness has stated is the truth or not, as that verity appears or bears upon the issue submitted, is matter for the jury's decision, and not that of the witness; and in determining which of two statements is the truth, other circumstances and facts were present in the case to which the jury might refer in deciding the truth vel non of the one or the other statement. Besides, if this query were allowable, a conclusion of the witness would be invited.

We discover no error in the record, and the judgment of conviction is affirmed.

TYSON, C. J., and DOWDELL and ANDERSON, JJ., concur.