# Wray, alias, *v.* The State.

## *Assault and Battery.*

(Decided Dec. 21, 1911. 57 South. 144.)

1. *Indictment and Information; Alternative Averment.*—Where the offenses charged are of equal degree and subject to the same punishment, they may be charged in the alternative in the same indictment or affidavit.

2. *Assault and Battery; Indictment; Offense Charged.*—Where an indictment charges that the defendant did assault B. with a pistol or other weapon, or that the defendant did assault and beat B., the defendant may be properly convicted of assault and battery.

3. *Same; Evidence; Res Gesae.*—It is competent to show what was done and said by those present during the commission of an assault as a part of the res gestae, and as giving character to the assault.

4. *Same; Matters Subsequent.*—What was said at another time than the assault, and subsequent thereto is not admissible.

5. *Evidence; Mental Status.*—Questions calling for the mental status of a witness or of another person are not competent.

6. *Witnesses; Examination; Cross.*—It is not reversible error to refuse to permit the cross examination to be extended to immaterial matters, or to refuse to allow questions which have been fully answered.

7. *Evidence; Immateriality.*—Where is was not shown that the matter inquired about had any connection with the matter on trial, the fact that a case had been nol prossed in the police court against the defendant was immaterial and inadmissible; so also as to whether a witness had a pistol on his person while the trial was in progress.

8. *Criminal Law; Alibi; Charge of Court.*—An instruction that in weighing the testimony of an alibi, the jury must give it the same weight as any other material fact in the case, and that if the defendant should fail in any way or in any manner in the proof of the alibi, that was a circumstance that may be weighed against the defendant, in connection with all the other evidence, is a proper statement.

APPEAL from Jefferson Criminal Court.

Heard before Hon. M. FRANK CAHALAN.

From a conviction for assault and battery defendant appeals. Affirmed.

The affidavit as amended omitting the formal charging part is as follows: J. J. Barber, who being duly sworn, says that he has probable cause to believe and does believe that Richard Wray, alias Dick Wray, whose name is otherwise unknown to affiant, within twelve months before making this affidavit, in said county, did unlawfully assault Arlie Barber with a pistol or other weapon, or did unlawfully assault Arlie Barber, or did unlawfully assault and beat Arlie Barber. The demurrers raise the question as to the alter-

[Wray, alias, v. The State.]

native averment, both as to the means, and as to the offense, and the fact that the affidavit charged the commission of more than one offense. The portion of the oral charge excepted to is as follows: In weighing the testimony of an alibi you must give that same weight as you would any other material fact in the case, if the defendant should fail any way or any manner in the proof of this alibi, it is a circumstance that may be weighed against the defendant in connection with the other evidence.

No counsel marked for appellant.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The affidavit was sufficient.—Sections 7151, and 6303, Code 1907; *Sims v. The State,* 135 Ala. 61; *Smith v. The State,* 123 Ala. 64. Where questions are answered, no error intervened.—*Billingsley v. The State,* 85 Ala. 323. Evidence of secret purpose and intent is not admissible. —*Fonville v. The State,* 91 Ala. 93; *Lewis v. The State,* 96 Ala. 6. Counsel discuss other exceptions to evidence, but without citation of authority. The court's oral charge as to alibi was correct.—*Jacks v. The State,* 117 Ala. 155.

PELHAM, J.—The amended affidavit charged offenses of equal degree subject to the same punishment, and was not subject to the demurrers interposed. Such offenses may be charged in the alternative.—Code 1907, §§ 6303, 7151; *Bonner v. The State,* 97 Ala. 47; *McClellan v. State,* 118 Ala. 122; *Sims v. State,* 135 Ala. 61.

Under the charge preferred the defendant could be convicted of assault and battery.—*Smith v. State,* 123 Ala. 64.

It was competent to show what was done and said by those present during the commission of the assault, both as directly going to the character of the assault and as part of the res gestae.—*Smith v. State*, 123 Ala. 64.

The objections as to the questions asked the witness Fulton about a discussion and what was said at another time than on the occasion of the assault, and subsequent to the assault, were properly sustained. The question asked this witness, "Did not Mr. Barber have a hatchet and expect outsiders?" called for testimony by the witness of the mental status of another person, and an objection to it was properly sustained. What the witness told an officer or others after the assault was not admissible.

It was not proper to allow the prosecuting witness to testify, on cross-examination, to his uncommunicated purpose or secret intent in having the hatchet, nor to elicit from him what he swore on the subject in a former trial. The court committed no error in refusing to allow the defendant to extend the cross-examination of the prosecuting witness to inquiries about immaterial matters, or in refusing to allow questions which had been fully answered.—*Moulton v. State*, 88 Ala. 116; *Martin v. State*, 104 Ala. 78; *Braham v. State*, 143 Ala. 28; *Newman v. State*, 160 Ala. 102.

It was immaterial that some case against the defendant (the record does not disclose that it had any connection with the particular offense for which the defendant was on trial) had been nolle prossed in the police court, and the court correctly refused to allow defendant, when being examined as a witness, to testify to the fact, if it was a fact.

[Cox v. The State.]

Whether or not the witness Fulton had a pistol on his person the day before the trial while in court was entirely immaterial and irrelevant to the issues.

The portion of the court's oral charge on the question of alibi to which exception was reserved is free from error.—*Jacks v. State,* 117 Ala. 155.

No error being shown by the record, the case will be affirmed.

Affirmed.