# Pillar *v.* The State.

### Assault with Intent to Murder.

(Decided February 6, 1917. 74 South. 398.)

1. **Assault with Intent to Murder; Evidence.**—Where the prosecution was for an assault with intent to murder, it was not error to sustain objection to questions to the party assaulted, as to what certain witnesses had sworn upon another trial in a case before a justice of the peace, which had no connection with the prosecution; the rule being that facts and circumstances, which, when proven, are incapable of affording any reasonable presumption or inference in regard to the material facts, are not admissible in evidence.

2. **Same; Jury Question.**—Where it appeared that when the difficulty started, defendant was in a buggy on a public road several miles distant

[Pillar v. The State.]

from his home, a charge on self defense explaining the duty of retreating is proper, and applicable to the evidence.

3. **Charge of Court; Manner of Presenting.**—The court having read to the jury all of the written charges asked by defendant, it was not improper as a qualification of the written charges for the court to state that they were not to be taken to explain, vary or contradict the general charge, but to be taken in connection therewith.

APPEAL from Lauderdale Circuit Court.

Heard before Hon. C. B. ALMON.

Jim Pillar alias Jim Tank, was convicted of an assault with intent to murder and he appeals. Affirmed.

No counsel marked for appellant. W. L. MARTIN, Attorney General, for the State.

BRICKEN, J.— (1) The indictment in this case charged the defendant with the offense of assault with intent to murder. He was convicted as charged, from which judgment of conviction the defendant appeals, and insists that the court erred in sustaining the state's objection to questions propounded to Joe Rainey, the injured party, by defendant. These questions sought to inquire into matters absolutely foreign to the issues in this case, and related to what certain witnesses had sworn upon another trial and in a case before a justice of the peace, which case had no connection whatever with the case at bar and in no manner related thereto. The general rule is clear and well defined that facts and circumstances which, when proven, are incapable of affording any reasonable presumption or inference in regard to the material facts or inquiry involved are not admissible in evidence. This rule is elementary. What a witness swore upon another and different trial, and whether he swore the same thing that another witness swore, are matters that are entirely foreign to the issue, and do not tend to shed any light on the questions or issues involved in this case. Therefore there was no error in the court's ruling on this question. The objections interposed by the state were properly sustained.—*Twitty v. State*, 168 Ala. 59, 53 South. 308; *Cheek v. State*, 3 Ala. App. 646, 57 South. 108; *Wray v. State*, 2 Ala. App. 139, 57 South. 144.

(2) The next insistence of error is that the court, in charging the jury on the law of self-defense, referred to and explained the third element thereof, the question of retreat, it be-

[Pillar v. The State.]

ing insisted that this phase of self-defense was not involved, as it was contended that the defendant was under no duty to retreat; it being claimed that the defendant was at his own home. We are of the opinion that there is no merit in this contention under the evidence in this case, for without conflict it was shown that the defendant lived more than a mile from the scene of the difficulty, and at the time the difficulty started he was in a buggy on the public road and was going from the city of Florence, which was several miles distant, to his home. It was shown by the testimony without conflict that the house nearest to the scene of the difficulty had been rented by the defendant, and that his sister, Della Sharpton, was living in it. Some of the testimony described the house as having been 40 feet from the place of shooting. There is no conflict in the testimony as to the defendant remaining in his buggy all during the difficulty in the public road, and, further, the evidence is without conflict that the defendant shot the injured party, Joe Rainey, in the back, firing four shots at him and striking him twice. It was shown that the four shots fired by defendant were fired with great rapidity, some of the witnesses expressing it, "about as fast as a pistol could shoot." There was some conflict in the testimony as to who started the difficulty; but it would appear from a fair construction of all the testimony that both parties were at fault in bringing on the difficulty, and that both parties to the transaction were more or less under the influence of liquor. There was testimony to the effect that defendant, earlier in the day, had threatened Rainey; and the trend of all the testimony on the question appears to have shown that bad feeling existed between the parties. Under all these circumstances, and from all the testimony in this case, it would appear that all these questions were properly submitted to the jury for its consideration and determination, and the court did not err in its rulings in so doing.

(3) The only remaining question in controversy as disclosed by the record must be decided adversely to the defendant, for there was no error in the court's statement to the jury, after the court's having read to the jury all of the written charges asked by the defendant, "that the written charges are not to be taken by you to explain, vary, or contradict the general charge of the court, but are to be taken in connection with it." This statement by the court is not a qualification of the written charges, but an explanation to the jury that the written charges were to be taken

[Green v. The State.]

in connection with the court's oral charge as the law in the case. The instructions of the court are not fragmentary. The charge given by the court ex mero motu and the charges which may be given on request are an entirety, and must be so taken and construed.—*Martin v. State*, 104 Ala. 71, 16 South. 82.

We find no error in the record, and the judgment of the court will be affirmed.

Affirmed.