(107 So. 226)

**MILLER v. STATE.** (3 Div. 526.)

(Court of Appeals of Alabama. Feb. 9, 1926.)

**1. Indictment and information ☞189(3).**

Indictment for assault with intent to murder will support conviction for simple assault or assault and battery.

**2. Criminal law ☞531(3)—Predicate for admission of confession sufficient, where statements shown to be voluntary.**

Where predicate for admission of alleged confession of accused was full and complete, and manifested that statements were wholly voluntary, sufficient predicate was laid, and confession properly admitted.

**3. Witnesses ☞280.**

Cross-examination of state's witness as to whether "you all discovered that defendant was not telling the truth about it" *held* properly excluded.

**4. Criminal law ☞404(4)—Automobile spring, found at scene of alleged assault with intent to murder, held properly admitted as res gestæ.**

In prosecution for assault with intent to murder, piece of automobile spring, which witness found at alleged scene of difficulty within few minutes after injured person was struck, *held* properly admitted part of res gestæ.

**5. Criminal law ☞665(4).**

Admission of testimony of deputy sheriff, who did not go under rule, *held* not error, being within court's discretion.

**6. Criminal law ☞1044.**

Alleged objectionable argument of solicitor is not reviewable on appeal, in absence of motion to exclude.

**7. Criminal law ☞755, 811(1).**

Instructions invasive of province of jury, and giving undue prominence to evidence of accused, *held* properly refused.

**8. Homicide ☞341.**

Where accused was convicted of assault and battery, refusal of instruction relating to assault with intent to murder *held* not prejudicial.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

J. D. Miller, Jr., was convicted of assault and battery, and he appeals. Affirmed.

C. H. Roquemore and Brassell & Brassell, all of Montgomery, for appellant.

Briefs of counsel did not reach the Reporter.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

Defendant's requested charges were properly refused. Battles v. State, 93 So. 64, 18 Ala. App. 475; Pippin v. State, 97 So. 615, 19 Ala. App. 384. There was no error in rulings on objections to argument of the solicit-or. King v. State, 96 So. 636, 19 Ala. App. 153.

BRICKEN, P. J. [1] The indictment in this case charged the appellant (defendant in the court below) with the offense of an assault with intent to murder, and under an indictment of this character a conviction may be had of a simple assault, or an assault and battery. On the trial in the court below the accused was convicted of an assault and battery, and was duly sentenced to hard labor for the county. From the judgment of conviction, he appealed.

No brief has been filed for appellant, and we will discuss the exceptions reserved upon the trial in the order in which they appear in the record.

[2, 3] The first exception noted is to the ruling of the court upon the admission in evidence of the alleged confession of defendant; the grounds of objection being: "No sufficient predicate had been laid," etc. The ruling of the court in this connection was without error, for it would be difficult to conceive of a predicate that would better meet the required rule. It was full and complete as shown, and manifested, if true, that such statements or confession as may have been made by the accused were wholly voluntary and of his own accord. Nor was there error in the court's ruling upon the cross-examination of state witness Ralph King, where defendant's counsel asked the witness: "You all discovered that he (defendant) was not telling the truth about it." The court properly sustained the state's objection to this question, and the exception reserved to this ruling of the court was without error.

[4] There were two theories or insistences in this case, that of the state and that of defendant, and the evidence was in sharp conflict as to the way and manner the difficulty occurred between this appellant and Powell, the police officer, who was the alleged injured party. Under the state's theory, it was permissible to allow in evidence the piece of automobile spring in connection with the evidence of state witness Tucker, who testified that he found the piece of spring at the alleged scene of the difficulty within a few minutes after Powell was struck. It was of the res gestæ. It was also corroborative of the evidence given by Powell. Moreover, it related to the locus in quo and naturally had the tendency to enable the jury to arrive at a correct conclusion in determining which of the respective insistences was the true one.

[5] The record shows that state witness Addison Moseley was a deputy sheriff in attendance upon court. Over the objection and exception of the defendant, he was permitted to give testimony in behalf of the state, although he did not go under the rule with the other witness, the rule as to all witnesses

having been requested and allowed. It is not the custom or practice to put officers of court under the rule. To do so in many instances would retard the progress of court and impede the administration of justice. Moreover, it is within the discretion of the court in all events, and the court may permit any witness to testify, even though such witness may have been shown to have violated the rule. This exception cannot avail the defendant. There is no merit in either of the other exceptions reserved to the court's rulings in connection with the testimony of witness Tucker.

[6] The remaining several exceptions relate to objections interposed by defendant to the argument of the solicitor. In some instances no motion was made to exclude the alleged objectionable argument, and this is necessary in order to properly present the question for review. We have examined the statements made by the solicitor in argument, and do not consider either of them as coming within the inhibited scope of legitimate argument. Several of the objections interposed to the argument and motions to exclude appear frivolous and unwarranted, and this we think justified the court in his remark, to wit:

"From the time the solicitor began to speak, that he is continually interrupted by counsel every few minutes, and the court is doing its utmost, ruling upon every word he says, as best he can. Now, then, I overruled the objection."

Proper deportment of counsel in argument and otherwise is clearly and well stated in the excerpt (quoted) in the case of Rowe v. State, 101 So. 91, 20 Ala. App. 119. Special reference of counsel is directed to said case.

The ruling of the court upon the motion for new trial is not presented for review. Code 1923, § 6088.

[7] Charge 7 was properly refused. It was invasive of the province of the jury, gave undue prominence to defendant's evidence, which was in sharp conflict with that offered by the state, and the charge was otherwise objectionable. For like reasons refused charges 7a, 8, and 9 were refused without error. Moreover, the substance of these charges were fully and fairly covered by the unusually fair and impartial oral charge of the court.

[8] Charge 10 refused to defendant related to the felony. The verdict of the jury convicting this appellant of an assault and battery operated as an acquittal of the felony charge contained in this indictment. Having been acquitted of the offense of assault with intent to murder, the appellant cannot complain at the refusal of this charge. His substantial rights were in no manner injuriously affected by the court having refused said charge.

We find no error. Let the judgment of conviction appealed from stand affirmed.

Affirmed.