(109 So. 610)

## KIMBLE v. STATE. (8 Div. 444.)

(Court of Appeals of Alabama. Sept. 7, 1926.)

**1. Criminal law ⊜⇒547(3).**

Before witness can testify as to what witness swore on another trial, he must show, not only opportunity for having heard testimony, but must swear that he remembers what witness said.

**2. Criminal law ⊜⇒543(2)—Testimony that witness did not know where absent witness was held not sufficient basis for admission of testimony of absent witness at former hearing.**

Testimony that witness did not know where absent witness was, but had learned that she was in certain place, was not sufficient on which to admit testimony of such absent witness on former hearing.

Appeal from Circuit Court, Lawrence County; J. E. Horton, Judge.

Love Kimble was convicted of manslaughter in the first degree, and he appeals. Reversed and remanded.

W. H. Long, of Decatur, for appellant.

The court erred in permitting testimony of what a witness swore on a previous trial. 1 Mayfield's Dig. 344; Burton v. State, 115 Ala. 1, 22 So. 586; Mitchell v. State, 114 Ala. 1, 22 So. 71; Hines v. Miniard, 208 Ala. 179, 94 So. 302.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J. We do not deem it necessary to pass specifically upon the numerous exceptions reserved on the trial, many of which are entirely without merit, and others, if error, were without possible injury to defendant.

There is but a single exception insisted upon in brief of counsel, and that to our mind is the only exception of merit presented by this record.

[1, 2] The state, over the timely objection and exception of defendant, was permitted to prove by the circuit solicitor the testimony of one Mattie Edmondson, given in a hearing on application for habeas corpus by defendant before the Honorable O. Kyle, judge, etc., which proceeding involved the crime here being tried; the objections being as stated, that a proper predicate had not been laid, and that it was not shown that the witness whose testimony was sought was permanently outside the jurisdiction of the court. In the first place we may say that even the witness Hon. D. C. Almon did not qualify sufficiently to authorize him to testify. Before a witness can be allowed to testify as to what a witness swore on another trial, he must not only show the opportunity for having heard the testimony, but must swear that he remembers what the witness said. Mr. Almon did not so qualify himself to testify. Further, the only testimony tending to show that the witness Mattie Edmondson was permanently beyond the jurisdiction of the court was that of Alma Blalock, who, testifying as to her mother and sister, said: "I don't know exactly where they are—I learned that my sister was in Cincinnati." This was literally all of the testimony offered by the state as a basis for secondary evidence. There are many decisions of the court and of the Supreme Court on this subject, but in the recent case of Hines, etc., v. Miniard, 208 Ala. 176, 94 So. 302, the exact question has been well considered and clearly defined in an opinion by Thomas, J., where may be found most of the leading cases cited. We deem it unnecessary to cite more. The court committed error in permitting secondary evidence of the testimony of Mattie Edmondson on the habeas corpus trial.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.