(115 So. 291)

## GAITHER v. STATE. (7 Div. 357.)

Court of Appeals of Alabama. Jan. 31, 1928.

C. W. McKay, of Ashland, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J. ▮▮ As a predicate for the introduction of the testimony of one Ola Strong, a witness, who had testified in behalf of the state when this defendant was on trial for the offense here charged in the county court of Clay county, the state offered Howard Strong, who testified that he had not heard from the said Ola lately, i. e., for four or five weeks, but that six or seven weeks before trial he had received a letter from Ola, at which time she was in Detroit, Mich. Without other proof as to the whereabouts of Ola

Strong, the state, over objection and exception, was allowed to make proof of her testimony in the county court when this case was being originally tried. Secondary evidence of the testimony of a witness on a former trial cannot be allowed unless and until a proper predicate has been laid. Kimble v. State, 21 Ala. App. 528, 109 So. 610. The rule for a predicate upon which is to be introduced secondary evidence of testimony given on a former trial is aptly stated in Mitchell v. State, 114 Ala. 1–3, 22 So. 71, as follows:

"If a witness who has been examined in a criminal case before a tribunal of competent jurisdiction, subsequently dies, or if not dead, becomes insane; or after diligent search, is not found within the jurisdiction of the court; or if that which is equivalent be shown, that he has left the state permanently, or for such an indefinite time that his return is contingent and uncertain, it is admissible to prove the substance of the testimony he gave formerly."

In this case the bare statement of one witness that he did not know where Ola was, and that some six weeks prior to the time he was testifying he had received a letter from her, at which time she was in Detroit, Mich., does not meet the necessary requirements of a predicate. State Bank v. Seawell, 18 Ala. 616; Harris v. State, 73 Ala. 495; Hines, etc., v. Miniard, 208 Ala. 176, 94 So. 302; Wigginton v. State, 17 Ala. App. 651, 87 So. 698. Other questions presented by this record will not probably arise on another trial. For the error pointed out, the judgment is reversed and the cause is remanded.

Reversed and remanded.