(121 So. 449)

### BURROW v. STATE.  (7 Div. 443.)

Court of Appeals of Alabama.   March 26, 1929.

Hugh D. Merrill, of Anniston, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

SAMFORD, J.   The defendant was the marshal of Edwardsville. Growing out of an arrest of Paul Burton, a son of Will Burton, the deceased, there was a shooting duel, in which Will Burton received wounds from which he died.

One of the parties accompanying the deceased at the time of the fatal difficulty was S. M. Reese. This man was examined as a witness on the preliminary trial of this defendant, and his testimony was reduced to writing. On this trial a subpœna, properly issued for Reese as a witness, was by the sheriff returned "not found," and the sheriff testified that he could not be found in the county. This testimony was competent and not subject to any of the objections interposed.

After sheriff had testified that he "made inquiries of this party," the state asked the question: "What did you learn about it?" This question was objected to because it called for illegal, irrelevant, incompetent, and immaterial testimony, the court overruled the objection, and the defendant excepted. The witness answered: "I learned he was somewhere in Georgia, but I don't know what part of Georgia." Motion was made to exclude this answer, motion was overruled, and defendant excepted. The answer of the witness was a conclusion and hearsay and should have been excluded. Abel v. State, 90 Ala. 631, 8 So. 760.

The fact that a witness had been regularly subpœnaed, an effort made by the sheriff to locate him in the county, and a return of the sheriff "not found," is not a sufficient predicate upon which to admit evidence given by the witness on a former trial between the same parties. The rule in such cases is fully discussed in Hines v. Miniard, 208 Ala. 176, 94 So. 302; Kimble v. State, 21 Ala. App. 528, 109 So. 610; Gaither v. State, 22 Ala. App. 315, 115 So. 291.

There was evidence tending to prove that the deceased man was in possession of and had at the time of the fatal difficulty a certain German Luger pistol. The state's

witnesses all testified that the deceased had no pistol and fired no shots at the defendant. The defendant offered in evidence, in connection with evidence tending to identify and connect it, a German Luger pistol. This pistol should have been admitted. Fuller v. State, 117 Ala. 36, 23 So. 688; 16 Corpus Juris, 1225.

Other questions presented are free from error.

For the errors pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.