(131 So. 457)

## BLYTHE v. STATE.

### 1 Div. 962.

Court of Appeals of Alabama.

Dec. 16, 1930.

C. W. Tompkins, of Mobile, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

### SAMFORD, J.

The state offered as a witness Mackie White, by whom the state sought to prove a confession claimed to have been made by defendant to the witness at the time of the arrest. As a part of the predicate laid to this witness, preliminary to proof of the confession, the state was allowed, over the objection and exception of defendant, to ask, "What he said there, did he say freely and voluntarily?" to which the witness answered, "Yes." Motion to exclude was overruled and exception reserved. The objection to the above question should have been sustained, and the motion to exclude the answer should have been granted. It is not permissible to allow a witness to state in this manner that a confession was freely and voluntarily made. This is a conclusion and a substitution of the opinion of the witness for that of the court. Wilson v. State, 20 Ala. App. 137, 101 So. 417; Craven v. State, 22 Ala. App. 39, 111 So. 767; 7 So. Dig. Crim. Law, ☞448(12).

Other questions will probably not arise on another trial.

For the error pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

(131 So. 637)

## BUSH v. STATE.

### 4 Div. 661.

Court of Appeals of Alabama.

Dec. 16, 1930.

Frank B. Bricken, of Luverne, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

### RICE, J.

Appellant, under an indictment charging murder in the second degree, was put on trial, and convicted of the offense of manslaughter in the first degree. His punishment was fixed at imprisonment at hard labor for the county for the term of one year, to the performance of which he was duly sentenced.

Erroneously, he was sentenced to serve imprisonment at hard labor for the county for the term of 492 days, to pay the costs in the case, at the rate of 75 cents a day. The statute, Code 1923, § 5291, limits the term of imprisonment, etc., for costs to ten months, or 300 days. Anderson v. State, 18 Ala. App. 429, 93 So. 68.

The offense for which appellant was convicted grew out of the stabbing, by him, of one Raymond Pittman, his first cousin. And the circumstances shown by the testimony are of a rather pathetic nature; i. e., it clearly appears that deceased and appellant were friends, and that the killing of deceased was far from being a premeditated affair.

However, the testimony made a case to be solved only by a jury, and there appears no sufficient reason to disturb their finding.

The few exceptions reserved on the taking of testimony have each been examined. There is, manifestly, merit in none of them. It is not worth while for us to discuss them; in fact, appellant's able counsel, in his brief filed here, does not—be it said to his credit—do so.

We have carefully searched the record for error, but, finding none, the judgment of conviction must be, and is, affirmed. The case is remanded for proper sentence as to costs.

Judgment of conviction affirmed; case remanded for proper sentence as to costs.